# Exhibit 75

This is an unofficial translation of the Danish *Købelov* and is for general information. Only the Danish version in the Official Law Gazette (Lovtidende) is valid.

# Danish Sale of Goods Act

Act on the sale of goods
Consolidation Act No. 237 of 28 March 2003

## General Provisions

**1.**-(1) The provisions of this Act shall apply unless otherwise agreed, expressly or by implication, in a contract or required by trade usage or other custom.
(2) In a consumer sale, sections 2(1), 4A, 50, 55-58, 74, 75, 76(1)(i)-(iii), 76(2)-(3), 77-79, 80(1) and 81-87 of this Act may not be derogated from to the detriment of the consumer, see section 4A of this Act.

**1A**-(1) This Act shall apply to all contracts of sale other than contracts for the sale of immovable property.
(2) Sections 72-87 of this Act shall apply exclusively to consumer sales, however.
(3) Sections 5, 10, 11, 17(2), 42, 43(1)-(2), 44, 47-49 and 52-54 of this Act do not apply to consumer sales.
(4) This Act does not apply to contracts of sale governed by the Danish International Sale of Goods Act.

**2.**-(1) A contract for the supply of goods to be manufactured or produced is to be considered a sale for the purposes of this Act. In a non-consumer sale, this shall only apply if the party who undertakes the manufacture or production supplies the substantial part of materials necessary.
(2) However, this Act does not apply to contracts for the construction of buildings or other facilities on immovable property.
(3) The provisions of this Act regulating contracts of sale shall apply correspondingly to contracts of barter or exchange.

**3.** For the purposes of this Act, a sale of generic goods does not only mean the sale of a specific quantity of a specified type of goods but also the sale of a specific quantity of a specified bulk.

**4.**-(1) For the purposes of this Act, a commercial sale means a sale between merchants in the ordinary course of business.
(2) A merchant means any person who makes it his business to sell goods bought for such purpose, to carry on stock broking or banking, insurance business, commission agency business, publishing business, pharmacy, restaurant keeping, a trade, a craft or industrial production, to undertake the construction of buildings or other construction work or to convey persons, goods or communications.
(2) However, any person who, without any assistance other than his or her spouse, children under the age of 15 and domestic servants, runs a public house, carries on a trade or craft, transportation

or such small business for which no special licence is necessary or licence is granted for no consideration, shall not be considered a merchant.

**4A**-(1) For the purposes of this Act, a consumer sale means a contract of sale between a buyer (consumer) and a merchant acting in the course of business when the buyer is primarily acting for purposes that are not related to his trade, business or profession. It is for the seller to prove that the contract is not a consumer sale.
(2) A sale by a non-merchant shall also be considered a consumer sale if the contract of sale is concluded or brought about on behalf of the seller by a merchant under the same conditions as provided in subsection (1) above.

### Determination of the Price

**5.** If a contract has been concluded without making provision for the price, the buyer shall pay the price charged by the seller provided such price is not considered unfair.

**6.** If, in a commercial sale, the buyer has received an invoice or a bill, the buyer shall pay the invoiced or billed price unless he declares without delay that he does not accept the price unless a lower price follows from a contract or the invoice or bill is clearly unreasonable.

**7.** If the price is to be determined according to number, measurement or weight, the quantity at the time the risk of accidental loss of the goods passes to the buyer shall be applied for the purpose of determining the price.

**8.** If the price is to be determined according to the weight of the goods, the weight of the packaging (tare) shall first be deducted.

### Delivery of the Goods (Place of Delivery)

**9.**-(1) The seller shall deliver the goods at the place where, at the time of the conclusion of the contract, he had his residence. If, at the time of the conclusion of the contract, the seller was carrying on business and the contract relates to that business, delivery shall be made at the place of business.
(2) If, at the time of the conclusion of the contract, the goods were at a place other than one specified in subsection (1) above, and if the parties knew or ought to have known this, that place is to be considered the place of delivery.

**10.** If the contract of sale involves carriage of the goods by the seller from one place to another to be handed over to the buyer at the latter place, delivery is considered to be made when the goods have been handed over to a carrier for transmission from the place concerned or, if the goods are carried by ship, when the goods are on board the ship.

**11.** If the seller shall cause the goods to be brought to the buyer in the same place or within the same area to which the seller ordinarily undertakes to bring such goods, delivery is considered to be made when the goods have come into in the buyer's possession.

### Time of Performance

http://www.sprog.asb.dk/sn/cisg

**12.** If no time for payment of the price or delivery of the goods has been fixed and circumstances do not indicate that performance shall be made as soon as possible, performance shall be made on demand.

**13.** If a period of time has been fixed for delivery, the seller may within that period choose a date of delivery unless circumstances indicate that the period was fixed for the benefit of the buyer.

### The Right to Demand Concurrent Performance

**14.** If no extension of time has been granted by either party, the seller is not bound to deliver the goods except against the simultaneous payment of the price, and the buyer is not bound to pay the price except against the goods being simultaneously placed at his disposal.

**15.** If the goods are to be shipped from the place of delivery, the seller may not, under the provisions of section 14 of this Act, refrain from shipping them, but the seller may prevent the goods from being handed over to the buyer until the price has been paid.

**16.** If, in a commercial sale, the shipment of the goods from the place of delivery to their destination involves a bill of lading or waybill of such a nature as to prevent the seller from disposing of the goods after they have been handed over to the buyer, the price shall be paid against the handing over of the document concerned as provided in section 71 of this Act.

### Passing of Risk

**17.**-(1) The risk of accidental loss of or damage to the goods is on the seller until delivery has been made.
(2) If the contract concerns the sale of specific goods to be collected by the buyer and if the contractual time of collection has come and if the goods are ready for collection, the risk is on the buyer, and the buyer must pay the price even if the goods are accidentally lost or damaged.

### Benefits Yielded by the Goods

**18.**-(1) Benefits yielded by the goods prior to the date of delivery shall accrue to the seller unless it was reasonable to expect them to be yielded at a later time.
(2) Benefits yielded subsequent to the date of delivery shall accrue to the buyer unless it was reasonable to expect them to be yielded at an earlier time.

**19.**-(1) A contract for the acquisition of a share shall include any dividend that has not fallen due for payment at the time of the conclusion of the contract.
(2) If a right to subscribe for new shares is or will become attached to the share, this right shall flow to the buyer.

**20.** The acquisition of an interest-bearing, written claim includes the interest that has accrued but not fallen due at the time of the conclusion of the contract or, if delivery is to be made at a later date, the interest accrued but not fallen due at the date of delivery. An amount equal to such interest is payable as an addition to and concurrently with the price unless circumstances indicate that the claim is sold as doubtful.

## Late Performance by the Seller

**21.**-(1) If the goods are not delivered by the agreed time and this is not due to circumstances attributable to the buyer or an accidental event for which the buyer bears the risk, the buyer may demand performance or declare the contract avoided.
(2) If the late delivery was or the seller must have presumed it to be immaterial to the buyer, the buyer may not declare the contract avoided unless he has made delivery on a specified date a condition of the contract.
(3) In a commercial sale any delay is considered to be material unless the delay concerns only an insignificant part of the goods.

**22.** In the case of a contract where the seller is to deliver by instalments and one of the instalments is late, the buyer may declare the contract avoided with respect to that instalment under the provisions of section 21 of this Act. The buyer may declare the contract avoided with respect to future instalments if there are grounds to conclude that delays will occur in respect of future instalments, or declare the contract avoided in its entirety by reason of the interdependence of the instalments.

**23.** If, in a sale of specific goods, the goods are not delivered by the agreed time, the seller shall be liable to pay damages unless it is established that the delay is not his fault.

**24.** In a sale of generic goods, the seller shall pay damages even if the delay is no fault of his unless he has reserved the right to be exempted from paying damages or the performance of the contract must be deemed impossible by reason of circumstances that are not of such a nature that the seller should have had them in contemplation at the time of the conclusion of the contract, including accidental loss of all goods of the type or the bulk to which they relate, war, import restrictions etc.

**25.** If a contract is avoided and damages are payable as provided in section 23 or 24 of this Act, then, in the absence of evidence that other damage has been suffered, the amount of damages shall be fixed as the amount by which the price of the goods of the same nature and quality as those sold exceed the contract price at the date of delivery. If, in a reasonable manner and within a reasonable time after avoidance, the buyer has bought goods in replacement, the price of the substitute goods shall be applied for the purpose of computing the amount.

**26.** If the time for delivery has expired and delivery has not been made and if he intends to affirm the contract, the buyer must inform the seller of his intention without undue delay on inquiry from the seller. If he fails to do so, the buyer will lose his right to require delivery. This shall also apply if the buyer has received no inquiry provided he does not inform the seller of his intention to affirm the contract within a reasonable time.

**27.** If delivery has been made after the expiration of the time for delivery, then, when the goods are received late or it appears from a notice from the seller that delivery was late, the buyer must, in a commercial sale immediately or otherwise without undue delay, inform the seller that he intends to rely on the delay. If he fails to do so, the buyer is prevented from relying on the delay at a later time. If he intends to exercise his right to declare the contract avoided, the buyer must inform the seller of his intention without undue delay or he will lose his right.

## Late Performance by the Buyer

**28.**-(1) If the price is not paid on the agreed date or the buyer does not take the steps on which the payment of the price depends at the proper time, the seller may either affirm the contract or declare the contract avoided. However, the contract may not be declared avoided if the delay is immaterial. In a commercial sale any late performance is considered to be material.
(2) If the goods have been handed over to the buyer, the seller may not declare the contract avoided unless he must be deemed to have reserved the right to avoid the contract or the buyer rejects the goods.

**29.** In the case of a contract where the seller has to deliver by instalments and payment shall be made separately for each instalment, then, if there is a delay that must be deemed material under section 28(1) of this Act with respect to the payment of an individual instalment, the seller may declare the contract avoided with respect to future instalments unless there are no grounds to expect repeated delays. This shall also apply if, under section 28(2) of this Act, the seller is prevented from declaring the contract avoided with respect to the instalment in respect of which the payment of the price has been delayed.

**30.**-(1) If the seller declares the contract avoided by virtue of sections 28 and 29 of this Act, the seller may claim damages as provided in section 24 of this Act. In the absence of evidence that other damage has been suffered, the amount of damages shall be fixed at the amount by which the contract price exceeds the price of goods of the same nature and quality as those sold at the date of delivery.
(2) If the goods are sold in a reasonable manner and within a reasonable time after avoidance, the selling price shall be applied for the purpose of computing the amount.

**31.** If the price has not been paid when the period for payment has expired or if the buyer has failed to take the steps specified in section 28 of this Act, and if the goods have not been handed over to the buyer, the seller must, if he intends to affirm the contract, inform the buyer of his intention without undue delay on inquiry from the buyer. If he fails to do so, the seller will lose his right to affirm the contract. This shall also apply if the seller has received no inquiry provided he does not inform the buyer of his intention to affirm the contract within a reasonable time.

**32.** In case of the late payment of the price or of delay by the buyer in taking the steps specified in section 28 of this Act, the seller must, if he intends to declare the contract avoided by reason of the delay, inform the buyer of his intention immediately in a commercial sale or otherwise without undue delay. If he fails to do so, the seller will lose his right to declare the contract avoided.

**33.** If the buyer fails to collect or take over the goods at the agreed time or if the goods have not been handed over to the buyer at the agreed time by reason of other circumstances attributable to the buyer, the seller must take steps to preserve the goods at the expense of the buyer until the delay ceases or the seller exercises his right to declare the contract avoided as provided in section 28 of this Act. If the goods have been dispatched and reached their destination, this provision shall only apply if a person authorised to take charge of the goods on the seller's behalf is present at the destination and this can be done without unreasonable inconvenience or expense.

**34.** If the seller is unable to preserve the goods without unreasonable inconvenience or unreasonable expense or the buyer has not taken the goods into his possession within a reasonable time after having been requested to do so, the seller may sell the goods at the expense of the buyer. Prior to

such sale, the seller must give the buyer reasonable notice as far as possible. If the goods are sold at a properly advertised and conducted auction or in any other proper manner, the buyer may not object to the price obtained. If no sale can be made or it is clear that the expense incidental to the sale cannot be reimbursed from the selling price, the seller may dispose of the goods.

**35.** If the goods are subject to rapid deterioration or their preservation would involve unreasonable expense, the seller shall sell the goods subject to the restriction contained in the last provision of section 34 of this Act. If a sale in a manner specified in section 34 of this Act cannot be awaited without a loss, the seller may sell the goods at the best price obtainable.

**36.** If the seller has incurred expenses with respect to the preservation of the goods or other additional expense by reason of the buyer's delay, the seller may claim damages and retain the goods as security for the payment of damages.

**37.** If the risk of the goods is on the seller, but their late delivery is caused by circumstances attributable to the buyer, the risk shall pass to the buyer, however, in a sale of generic goods the risk does not pass to the buyer until particular goods have been identified to the contract.

**38.** Repealed.

### The Inability of the Buyer to Pay

**39.**-(1) If, after the conclusion of the contract, the buyer becomes subject to bankruptcy or winding-up proceedings or if composition negotiations for him are commenced, the seller may, even if time for payment has been given, retain the goods or, if the goods have been dispatched from the place of delivery, prevent the goods from being handed over to the buyer's estate until adequate security for the payment of the price at the agreed time has been provided. If the time of delivery has come and the estate has not provided such security at the seller's request, the seller may declare the contract avoided.
(2) These provisions shall also apply if, after the conclusion of the contract, the buyer has been fund in enforcement proceedings to have insufficient funds to pay his debts or if the buyer, if he is a merchant, has suspended payments or if the buyer's financial circumstances are of such a nature that he must be deemed unable to pay the price when it falls due.

**40.** If the buyer's estate has become subject to bankruptcy or winding-up proceedings, the seller may, even if the time of delivery has not come, require that the insolvency practitioner of the estate decides without undue delay whether the estate intends to become a party to the contract. If the estate does not become a party to the contract, the seller may declare the contract avoided.

**41.** If, after the commencement of bankruptcy or winding-up proceedings, the goods have been handed over to the estate and if the price has not been paid, the seller may recover the goods unless the estate declares that it intends to become a party to the contract and pays the price or, at the seller's request, provides security for the payment of the price when it falls due. If the estate has sold the goods or otherwise disposed of them at its own expense so that the goods cannot be returned in a substantially unchanged condition, the seller may consider the estate a party to the contract.

### Lack of Conformity of the Goods

http://www.sprog.asb.dk/sn/cisg

**42.**-(1) If, in a sale of specific goods, the goods are not in conformity with the contract, the buyer may declare the contract avoided or claim a proportionate reduction of the price. If the lack of conformity must be deemed immaterial, the buyer may not, however, declare the contract avoided unless the seller has acted fraudulently.
(2) If, at the time of the conclusion of the contract, the goods lacked qualities that must be regarded as warranted or the lack of conformity was caused by the seller's neglect after the conclusion fo the contract or if the seller has acted fraudulently, the buyer may claim damages.

**43.**-(1) If, in a sale of generic goods, the goods delivered are not in conformity with the contract, the buyer may declare the contract avoided, or require delivery of substitute goods, or claim a proportionate reduction of the price.
(2) If the lack of conformity must be deemed immaterial, the buyer may not, however, declare the contract avoided or require delivery of substitute goods unless the seller has acted fraudulently or was aware of the lack of conformity at a point in time when he could have supplied goods in conformity with the contract without unreasonable sacrifice.
(3) Even if he is without fault, the seller shall pay damages always provided that the provisions of section 24 of this Act shall apply correspondingly.

**44.** In determining whether the goods lack conformity with the contract regard shall be had to the time when the risk passed to the buyer, provided that the lack of conformity is not attributable to the seller's neglect.

**45.** The provisions of section 25 of this Act on the measure of damages shall also apply when the contract is avoided by reason of lack of conformity of the goods with the contract.

**46.** In the case of a contract where the seller is to deliver by instalments and the goods are not in conformity with the contract in respect of a particular instalment, the buyer may only declare the contract avoided in respect of that instalment as provided in sections 42 and 43 of this Act. However, the buyer may also declare the contract avoided with respect to future instalments if there are grounds to conclude that they will also be non-conforming instalments, or declare the contract avoided in its entirety by reason of the interdependence of the instalments.

**47.** If, prior to the conclusion of the contract, the buyer has examined the goods or the buyer has, without due cause, failed to examine the goods after a request to examine from the seller or if, prior to the conclusion of the contract, the buyer was given the opportunity to examine a sample of the goods, the buyer may not rely on any lack of conformity that he ought to have discovered by such an examination unless the seller has acted fraudulently.

**48.** In a sale by auction, the buyer may not rely on any lack of conformity unless the goods are not in conformity with the description under which they are sold or the seller has acted fraudulently. This provision shall not apply, however, when a merchant sells goods by auction sale.

**49.**-(1) If the seller offers to remedy the lack of conformity or deliver substitute goods, the buyer must accept this if it can be done before the expiry of the period within which the buyer must await delivery (see section 21 of this Act), unless it is clear that this cannot be done without causing the buyer inconvenience or expense.
(2) The provision of subsection (1) above shall not affect the buyer's right to claim damages.

http://www.sprog.asb.dk/sn/cisg

**50.** The provisions of this Act concerning the lack of conformity of the goods with the contract shall apply correspondingly to the delivery of a quantity of goods smaller than that provided for in the contract if the buyer must assume that the goods delivered are meant to serve as complete performance of the contract. In such a case, the buyer may not require delivery of substitute goods under section 43 of this Act, but may require subsequent delivery of any deficiency whether this constitutes a large or small part of the goods to be delivered.

**51.** When, in a commercial sale, the goods have been delivered or the buyer has received a sample, the buyer must make such an examination as required by proper trade usage. If the contract involves carriage of the goods from one place to another, the buyer may defer examination of the goods until after they have been placed at his disposal at the destination in such a manner that the buyer shall take steps to preserve the goods as provided in section 56 of this Act.

**52.**-(1) If the goods sold are not in conformity with the contract, the buyer shall, if he intends to rely on the lack of conformity, give notice to the seller of his intention immediately in a commercial sale or otherwise without undue delay. If he fails to do so, notwithstanding that he has discovered or ought to have discovered the lack of conformity, the buyer may not rely on the lack of conformity at a later time.
(2) If the buyer intends to declare the contract avoided or require delivery of substitute goods, the buyer must inform the seller of his intention without undue delay, and if he fails to do so, the buyer will lose his right to reject the goods or require subsequent delivery.

**53.** The provisions of section 52 of this Act concerning the buyer's loss of the right to rely on lack of conformity shall not apply if the seller has acted fraudulently or has been grossly negligent and this causes the buyer significant damage.

**54.**-(1) In any event, the buyer will lose his right to rely on a lack of conformity of the goods if he does not give the seller notice thereof at the latest within a period of two years from the date on which the goods were handed over to the buyer, unless the seller has provided a guarantee concerning the goods for a longer period or the seller has acted fraudulently.
(2) In a contract for the sale of building materials, the period mentioned in subsection (1) above shall be five years from the date of handing-over of the property, provided always that this period does not exceed a maximum of six years from the date on which the materials were handed over to the buyer.

### Rejection of the Goods and Avoidance

**55.** If the buyer has taken possession of the goods and he intends to reject them, the buyer must take steps to preserve the goods and may claim damages from the seller for the related expenses incurred. The provisions of sections 34 and 35 of this Act shall apply correspondingly.

**56.**-(1) If, in a case where the goods are dispatched to the buyer, the buyer has been enabled to take possession of the goods at the destination and the buyer intends to reject them, the buyer shall take possession of the goods at the expense of the seller.
(2) The provision in subsection (1) above does not apply, however, if the seller is present at the destination or if a holder of a bill of lading or another person authorised to take charge of the goods

http://www.sprog.asb.dk/sn/cisg

on the seller's behalf is present at the destination, or if the buyer cannot take possession of the goods without paying the price or incurring other material inconvenience or expense.
(3) When the buyer has taken possession of the goods, the provisions of section 55 of this Act shall apply.

**57.**-(1) If the contract is avoided, the seller is not entitled to recover the goods unless he returns what he has received by way of payment, and the buyer is not entitled to recover the price unless he returns the goods substantially in the same condition and quantity in which he received them.
(2) When he declares the contract avoided or requires delivery of substitute goods, the buyer may retain the goods until the seller has paid the damages due or provided adequate security for payment of the damages.

**58.** Notwithstanding the provisions of section 57 of this Act, if the goods have been lost or changed, the buyer may declare the contract avoided provided the loss or change is due to an accidental event or the inherent nature of the goods or measures required to examine them or taken prior to the time when the lack of conformity giving rise to the avoidance was discovered or ought to have been discovered.

### Defective Title

**59.** If it is disclosed that, at the time of the conclusion of the contract, the goods were the property of a person other than the seller, the buyer may claim damages from the seller even if the seller was innocently mistaken as to his title. This does not apply if, at the time of the conclusion of the contract, the buyer knew or could not have been unaware of the defective title.

### Sale on Approval

**60.**-(1) If the goods are sold on approval and they have been delivered, the buyer will be bound by the sale if he does not inform the seller of his intention to return the goods within the agreed period or, if no period has been agreed, within a reasonable time.
(2) As long as he has the goods on approval, the risk is on the buyer.

### Notices under this Act

**61.**-(1) If a notice from the buyer, as specified in sections 6, 26, 27, 52 and 54 of this Act, has been handed in for communication by telegraph or post, or where another proper means of conveyance is used the notice has been submitted for such conveyance, any delay or non-communication of the notice shall be without prejudice to the sender.
(2) This shall also apply to the notices from the seller, as specified in sections 31 and 32 of this Act.

### Meaning of Certain Terms of Sale

**62.**-(1) If the goods are sold "free on board" (fob) at a specified place, the buyer shall charter a ship or book cargo space for transmission of the goods from that place.
(2) The seller shall arrange and pay for transmission of the goods to the place of shipment and take such measures in respect of their loading as required by a shipper under the law or custom applicable there.
(3) When the goods have crossed the ship's rail, they shall no longer be at the seller's risk.

http://www.sprog.asb.dk/sn/cisg

(4) Any determination of whether the goods lack conformity with the contract shall be based on the condition of the goods at the same time and regard shall be had to the quantity of the goods at that time if the price is to be calculated by measurement, weight or number.
(5) The fact that the buyer has chartered a ship or booked cargo space does not impose a duty on the buyer to examine the goods before they reach the destination, nor does it preclude the seller from exercising the rights mentioned in sections 15, 28 and 39 of this Act.
(6) In the absence of any special agreement thereon, the buyer shall pay against bill of lading as provided in section 71 of this Act.

**63.**-(1) If the goods are sold "cost and freight" (c & f, c f), the seller shall arrange and pay for the transmission of the goods to the destination.
(2) The risk passes to the buyer when the goods are handed over to a carrier or have crossed the railing of a ship as provided in section 10 of this Act.
(3) Any determination of whether the goods lack conformity with the contract shall be based on the condition of the goods at the time when the risk passes to the buyer and regard shall be had to the quantity of the goods at that time if the price is to be calculated by measurement, weight or number.
(4) Even in the absence of any special agreement to that effect, the buyer shall pay against bill of lading or waybill as provided in section 71 of this Act.
(5) Notwithstanding that the price has not fallen due on the arrival of the goods, the buyer shall pay any freight unpaid by the seller against reduction in the price but without compensation of interest.

**64.**-(1) If the goods are sold "cif" (cost, insurance, freight) or "caf" (coût, assurance, fret), the provisions of section 63 of this Act shall apply.
(2) In respect of that part of the transmission for which he does not bear the risk, the seller shall arrange customary insurance for the buyer. If the seller fails to arrange such insurance without the contract being avoided for this reason, the buyer may claim damages for the damage resulting from the failure or arrange insurance himself and reduce the price by the amount of expense.

**65.**-(1) If the goods are sold "carriage paid" or "free delivered" at a specified place, delivery shall not be considered made until the goods have arrived at that place. The seller shall arrange and pay for the transmission of the goods to that place and shall bear the risk during transit.
(2) Any determination of whether the goods lack conformity with the contract shall be based on their condition on arrival and regard shall be had to the quantity of the goods at that time if the price is to be calculated by measurement, weight or number.
(3) In any context with "cost and freight", "c & f", "c f", "cif" or "caf", the use of the words "carriage paid" or "free delivered" shall not affect the interpretation of these terms.

**66.**-(1) If the goods are sold with such an indication in respect of quantity as to allow a certain margin, for instance "about", "from…to" or similar indication, the seller shall make the choice unless circumstances indicate that the margin was allowed for the benefit of the buyer.
(2) If the designation "about" has been used, the margin is plus or minus 10% for a cargo and plus or minus 5% in all other cases.

**67.** In a contract for the sale of a "cargo", the seller may not transmit other goods by the same ship. If the seller does so and this may cause the buyer inconvenience, the buyer may declare the contract avoided. The buyer may claim damages whether or not the contract is avoided.

**68.**-(1) If it is agreed that the goods are to be delivered or taken over "at the beginning of", "in the middle of" or "at the end of" a month, this shall be interpreted as meaning from the first to the tenth day, the eleventh to the twentieth day and the twenty-first to the last day of the month, respectively.
(2) In a contract for the sale of securities, the designation "at the beginning of" means the first business day of the month that is not a Saturday, the designation "in the middle of" means the fifteenth day of a month or, if this is a non-business day or a Saturday, the business day first following, and the designation "at the end of" means the last business day of the month that is not a Saturday.

**69.**-(1) If the seller of goods has undertaken to make "shipment" within a certain time limit, shipment shall be considered to be completed within the agreed time if the goods have been loaded before the expiry of the time limit.
(2) If a bill of lading has been drawn up and the bill does not show that loading has been made within the agreed time, the buyer may reject the goods.

**70.** If "cash payment" has been agreed, the buyer shall make payment in exchange of his taking possession of the goods (see sections 14 and 15 of this Act).

**71.**-(1) If the buyer has agreed to pay against bill of lading ("cash against bill of lading" or similar term) or to accept a bill of exchange against bill of lading, the buyer may not refuse to pay or accept because the goods sold have not yet reached the buyer or he has not had the opportunity to examine them.
(2) If payment or acceptance against bill of lading is required, the invoice for the goods must have reached the buyer and, if the seller has undertaken to insure the goods, the bill of lading must be accompanied by the insurance policy.
(3) The provisions of subsections (1) and (2) above shall apply correspondingly if the buyer has undertaken to pay against a waybill as provided in section 16 of this Act.

### Consumer Sale
*Price*

**72.** If the contract does not fix the price and in the absence of any indication for determining the price, the buyer shall pay a price reflecting the price generally charged at the time of the conclusion of the contract having regard to the nature and condition of the goods as well as any indication of what is reasonable.

*Place of Delivery*

**73.** If the contract involves carriage by the seller, delivery shall be considered to have been made when the goods have come into the possession of the buyer.

*Delay etc.*

**74.**-(1) If the goods are not delivered at the agreed time and this is not the fault of the buyer or due to any event of which the buyer bears the risk, this constitutes a delay.
(2) In case of delay, the buyer may declare the contract avoided if the delay is material to the buyer and the seller must have assumed this. This shall also apply if the seller does not, on demand,

http://www.sprog.asb.dk/sn/cisg

deliver the goods within a reasonable period of time fixed by the buyer or, if no such period has been fixed, within a reasonable time.

**75.** If, based on a provision the contract, the seller has postponed the time of delivery, the buyer may declare the contract avoided if the seller does not, on demand, deliver the goods within a reasonable period of time fixed by the buyer or, if no such period has been fixed, within a reasonable time.

*Conformity of the Goods with the Contract*

**75A**-(1) The nature, quantity, quality and other properties of the goods must conform with the contract and, in relation to the contract, the buyer must be given the information required for installing, using, keeping and maintaining the goods.
(2) Except where the parties have agreed otherwise, the goods must
- (i) have the durability and other qualities and packaging as the buyer can reasonably expect by reason of the nature of the goods and other circumstances;
- (ii) be fit for the purposes for which goods of the same type are normally used;
- (iii) be fit for any particular purpose for which the buyer requires them if the seller has confirmed the buyer's expectations in that respect; and
- (iv) possess the same qualities which the seller has held out to the buyer as a sample or model at the time of the conclusion of the contract.

**76.**-(1) The goods are not in conformity with the contract if
- (i) the goods do not comply with the description under which they are sold or, at the time of the conclusion of the contract, the seller made misrepresentations or misleading statements, unless these cannot be assumed to have influenced the buyer's assessment of the goods;
- (ii) the seller or a prior actor in the chain of distribution has given information as provided in paragraph (i) above on the packaging of the goods, in advertisements or on other communications intended to be communicated to the general public or the buyer;
- (iii) the seller has failed to give the buyer notice of circumstances that influenced the buyer's assessment of the goods and which were known or ought to have been known by the seller;
- (iv) the goods are of a different or inferior quality or usefulness than required by the contract and indicated by circumstances, including non-conformity with the requirements of section 75A of this Act.

(2) The buyer may not rely on a misrepresentation or misleading statement that has been corrected on or before the time of the conclusion of the contract.
(3) Factors relating to materials supplied by the buyer may not be relied on as a lack of conformity, unless the seller has failed to comply with his duty to give instructions.

**77.**-(1) Contractual terms providing that the buyer may not rely on a lack of conformity of the goods with the contract and other general provisos, for instance that the goods are sold "as found", may not be relied on against the buyer.
(2) In a sale of second-hand goods at a public auction where the buyer has the opportunity to be present, the buyer may only rely on the existence of a lack of conformity if it follows from section 76(1)(i)-(iii) of this Act, or if the goods are in a condition substantially worse than the buyer had reason to expect with reference to the circumstances.

http://www.sprog.asb.dk/sn/cisg

**77A.**-(1) Any determination of whether the goods lack conformity with the contract shall be based on the condition of the goods at the time when the risk passed to the buyer. If, at that time, the goods were not in conformity with the contract, the seller shall be liable for this even if the lack of conformity becomes apparent at a later time.
(2) If the goods are not in conformity with the requirements of sections 75A-77 of this Act and this is due to the seller's failure to perform his obligations under the contract, the goods shall always lack in conformity notwithstanding the provisions of subsection (1) above.
(3) If, within a period of six months after delivery, it becomes apparent that the goods are not in conformity with the requirements of sections 75A-76 of this Act, the lack of conformity shall be presumed to have existed at the time specified in subsection (1) above unless this presumption is incompatible with the nature of the goods or the nature of the lack of conformity.

**77B.** The buyer may not rely on any lack of conformity that he knew or could not have been unaware of at the time of the conclusion of the contract unless supported by evidence in the contract or the seller acted contrary to the requirement of good faith.

*Buyer's Remedies for Lack of Conformity*

**78.**-(1) If the goods are not in conformity with the contract, the buyer may
 (i) require remedy of the lack of conformity;
 (ii) require delivery of substitute goods that are in conformity with the contract;
 (iii) require an appropriate reduction of the price; or
 (iv) declare the contract avoided unless the lack of conformity is immaterial.
(2) The buyer may not require remedy of the lack of conformity or delivery of substitute goods if the completion of the remedy is impossible or will cause the seller disproportionate expense. Regard shall be had to the value of conforming goods, the significance of the lack of conformity and whether an alternative remedy can be completed without significant inconvenience to the buyer.
(3) If the seller offers to remedy the lack of conformity or to deliver substitute goods, the buyer may not require an appropriate reduction of the price or declare the contract avoided.
(4) The seller shall comply with any requirement or offer to remedy the lack of conformity or deliver substitute goods within a reasonable time and without expense and significant inconvenience to the buyer, see section 79 of this Act. Failing this, the buyer may require an appropriate reduction of the price, declare the contract avoided, require delivery of substitute goods or, provided this can be done without disproportionate expense, cause the lack of conformity to be remedied at the expense of the seller.

**79.** –(1) In determining whether the remedy of the lack of conformity or delivery of substitute goods has been completed within a reasonable time, see section 78(4) of this Act, regard shall be had to the nature of the goods, the nature of the lack of conformity and the need of the buyer for the goods, including whether the seller has placed substitute goods at the buyer's disposal at the seller's expense.
(2) The buyer may withhold the payment of the price until a request or an offer to remedy a lack of conformity or to deliver substitute goods has been complied with. If the lack of conformity must be deemed immaterial, the buyer may not withhold an amount that is clearly in excess of the cost of remedying the lack of conformity.

*Damages for Lack of Conformity*

http://www.sprog.asb.dk/sn/cisg

**80.**-(1) If he suffers loss by reason of any lack of conformity, the buyer may claim damages if
  (i)    the seller has acted contrary to the requirement of good faith;
  (ii)   the seller has given the buyer misleading information, which the seller had no reason to believe was correct;
  (iii)  the seller has failed to inform the buyer of any lack of conformity that he knew or ought to have known;
  (iv)   the goods lack properties that must be deemed warranted; or
  (v)    after the time of the conclusion of the contract, the lack of conformity was caused by the seller's neglect.
(2) In a contract for the sale of generic goods, the buyer may also claim damages under section 43(3) of this Act.

*Notice of Lack of Conformity*

**81.** If he intends to rely on a lack of conformity, the buyer shall give the seller notice thereof within a reasonable time after he has discovered the lack of conformity. If he fails to do so, the buyer will lose the right to rely on the lack of conformity. Any notice given within a period of two months after the buyer discovered the lack of conformity shall be a timely notice.

**82.** The provisions of section 81 of this Act do not apply if the seller has acted contrary to the requirement of good faith or has been grossly negligent.

**83.**-(1) In any event, the buyer loses the right to rely on a lack of conformity of the goods if he does not give the seller notice thereof within a period of two years from the date on which the goods were handed over to the buyer, unless the seller has guaranteed for the goods for a longer period or has acted contrary to the requirement of good faith.
(2) Section 54(2) of this Act shall apply correspondingly.

**84.** Notices under sections 81 and 83 of this Act may also be given to a manufacturer or another merchant who, in connection with the contract, has agreed to remedy any lack of conformity of the goods. In case of the contracts specified in section 4A(2) of this Act, notices may also be given to a merchant who has concluded or brought about the contract on behalf of the seller.

**85.** If the buyer intends to rely on a lack of conformity as against a manufacturer or another merchant who, in connection with the contract, has agreed to remedy any lack of conformity, the buyer shall give the seller or the other merchant notice thereof within a reasonable time after the buyer discovered the lack of conformity. If he fails to do so, the buyer will lose the right to rely on the lack of conformity. Any notice given within a period of two months after the buyer discovered the lack of conformity shall be a timely notice.

**86.** Section 61(1) of this Act shall also apply to the notices mentioned in sections 81 and 83-85 of this Act.

*Certain Choice of Law Agreements*

**87.** If a contract provides that the law of a state outside the European Economic Area shall apply to the contract, the consumer may rely on mandatory provisions of the law regulating lack of

http://www.sprog.asb.dk/sn/cisg

conformity in a state within the European Economic Area if, without the choice of law agreement, the contract would have been governed by the law of that state.