# Exhibit 99



Michelle Investments Pension Plan
40 West 57th Street 20th Floor
New York
NY 10019
USA

Særlig kontrol

Kratbjerg 236

3480 Fredensborg
Denmark

www.skat.dk

den 7. februar 2019

Captia nr: 18-0219374

TIN: 45-5252601

## Afgørelse – Tilbagekaldelse af tidligere afgørelser om refusion af udbytteskatter

Skattestyrelsen (tidligere SKAT) har tidligere truffet afgørelser om refusion af udbytteskatter til Michelle Investments Pension Plan (herefter MIPP) på baggrund af anmodninger fra MIPP's agent Acupay System LLC.

Skattestyrelsen tilbagekalder de tidligere afgørelser om refusion af udbytteskatter på i alt 73.796.103 kr., idet MIPP ikke har været berettiget til at modtage udbytteskatten.

Tilbagekaldelsen angår følgende afgørelser:

| Anmodning af | 2. september 2012 | 4.812.750 | kr. |
|---|---|---:|---|
| Anmodning af | december 2012 | 1.674.000 | kr. |
| Anmodning af | 17. december 2012 | 798.660 | kr. |
| Anmodning af | 19. marts 2013 | 4.833.675 | kr. |
| Anmodning af | 19. april 2013 | 3.346.650 | kr. |
| Anmodning af | 16. maj 2013 | 22.758.300 | kr. |
| Anmodning af | 29. august 2013 | 2.004.750 | kr. |
| Anmodning af | 10. december 2013 | 1.285.998 | kr. |
| Anmodning af | 6. januar 2014 | 1.854.090 | kr. |
| Anmodning af | 20. marts 2014 | 3.030.287 | kr. |
| Anmodning af | 17. april 2014 | 25.601.612 | kr. |
| Anmodning af | 27. maj 2014 | 672.566 | kr. |
| Anmodning af | 19. august 2014 | 1.122.765 | kr. |
| I alt | | 73.796.103 | kr. |

Det er Skattestyrelsens vurdering, at MIPP ikke ejer eller har ejet de aktier, som fremgår af anmodningerne, og at udbytterne vedrørende de aktier, som fremgår af anmodningerne, ikke er tilgået MIPP.

Det er endvidere Skattestyrelsens vurdering, at MIPP ikke har haft den fornødne kapital til at foretage de investeringer i danske aktier, der ligger til grund for de nævnte anmodninger om refusion af udbytteskat.

MIPP skulle ifølge de indsendte Dividend Credit Advices have investeret i aktier i danske selskaber for et betydeligt beløb og modtaget udbytter heraf. Sagens oplysninger giver ikke grundlag for sådanne betydelige investeringer.

Skattestyrelsen har lagt vægt på:
- At MIPP er en nystiftet pensionskasse.
- At MIPP kun har en enkelt deltager med de deraf begrænsede indskudsbeløb.
- At MIPP ikke har indsendt FORM 5500 i USA, hvorfor det må lægges til grund, at MIPP's formue var under 250.000 USD ultimo de relevante indkomstår.

Det er således på baggrund af de nu foreliggende oplysninger Skattestyrelsens vurdering, at MIPP ikke har haft økonomiske muligheder for at eje aktier i et sådant omfang, som angivet i MIPP's anmodninger om refusion af dansk udbytteskat. Dette fremgår eksempelvis ved:

- At MIPP den 8. august 2012, 3 måneder efter stiftelsen, angiver at have investeret for 325.500.000 kr. i aktien TDC A/S.

- At MIPP den 20. marts 2013, 10 måneder efter stiftelsen, angiver at være ejer af aktier i Novo Nordisk A/S og H Lundbeck A/S til en værdi på i alt 2.991.372.500 kr.

- At MIPP den 20. marts 2014, 22 måneder efter stiftelsen, angiver at være ejer af aktier i Novo Nordisk A/S og Carlsberg A/S - B til en værdi på i alt 3.033.031.664 kr.

MIPP opfylder således ikke betingelserne for at få refunderet indeholdte udbytteskatter af danske aktier, jf. artikel 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

Skattestyrelsen har derfor refunderet de nævnte udbytteskatter til MIPP på et urigtigt grundlag, og Skattestyrelsen tilbagekalder derfor de tidligere afgørelser om refusion af udbytteskatter.

Kammeradvokaten vil på vegne af Skattestyrelsen rejse krav om tilbagebetaling og erstatning over for MIPP.

Det kan i øvrigt oplyses, at det er Skattestyrelsens opfattelse, at udbetalingerne til MIPP indgår som led i et større internationalt kompleks, som Skattestyrelsen har anmeldt til Statsadvokaten for Særlig Økonomisk og International Kriminalitet som formodet svindel mod den danske stat. Skattestyrelsen har anmeldt komplekset som omfattet af straffelovens § 279 ved uberettiget tilbagesøgning af indeholdt udbytteskat, hvor den ansøgende pensionskasse ikke ejer eller har ejet de aktier, som fremgår af anmodningerne, og hvor udbytterne vedrørende de aktier, som fremgår af anmodningerne, ikke er tilgået den ansøgende pensionskasse.

For yderligere begrundelse henvises til nedenstående sagsfremstilling.

Der henvises til de bilag, der blev fremsendt sammen med Skattestyrelsens forslag af 13. april 2018.

Highly Confidential

## Sagsfremstilling og begrundelse

## Indholdsfortegnelse

1. Faktiske forhold ................................................................................................................4
1.1. Beskrivelse af sagen .................................................................................................4
1.2. Refunderet udbytteskat.............................................................................................4
1.3. Beregning af investeringerne....................................................................................5
1.4. Registrering af danske aktier....................................................................................6
1.5. Oplysninger fra IRS i USA ......................................................................................6
2. Retsregler ...........................................................................................................................7
2.1. Lovbekendtgørelser ..................................................................................................7
2.2. Dobbeltbeskatningsoverenskomst ............................................................................8
3. Skattestyrelsens bemærkninger..........................................................................................8
3.1. Lovgrundlaget/retsgrundlaget ..................................................................................8
3.2. Ejerskabet af aktier og modtagelse af aktieudbytte..................................................8
3.2.1. Værdipapirdepot ...................................................................................................8
3.2.2. Kapitalgrundlaget for pensionskassens investeringer...........................................8
3.2.3. Aktieudbytte og indeholdt udbytteskat .................................................................9
3.3. Tilbagekaldelse af tidligere afgørelser ...................................................................10
4. Skattestyrelsens forslag til afgørelse af 13. april 2018 ....................................................10
5. Pensionskassens bemærkninger til Skattestyrelsens forslag ...........................................11
6. Skattestyrelsens endelige afgørelse..................................................................................11
Klagevejledning......................................................................................................................11
Love og regler ........................................................................................................................12

Highly Confidential

## 1. Faktiske forhold

### 1.1. Beskrivelse af sagen
MIPP er registreret som en pensionskasse i USA[1] og er stiftet i maj 2012[2].

Acupay System LLC har på vegne af MIPP, i perioden september 2012 til 19. august 2014, sendt anmodninger til Skattestyrelsen om at få refunderet indeholdte udbytteskatter af danske aktier for i alt 73.796.103 kr.

Skattestyrelsen har på dette grundlag udbetalt refusion af udbytteskat til MIPP via Acupay System LLC's bankkonto 0022 1819 0790 5700 i **DEXIA BANQUE INTERNATIONALE A LUXEMBOURG**.

Skattestyrelsen har i forbindelse med kontrol af refusioner af udbytteskatter, via Kompetent Myndighed, indhentet oplysninger fra de amerikanske skattemyndigheder, Department of The Treasury, Internal Revenue Service (herefter IRS). Af oplysningerne fremgår det:
- At MIPP er en nystiftet pensionskasse.
- At det årlige indskud til pensionskassen er begrænset til mellem 12.500 og 53.000 USD pr. deltager alt efter indskyders alder.
- At MIPP ikke har indsendt FORM 5500, hvorved MIPP overfor IRS har tilkendegivet, at deres aktiver ultimo 2012, 2013 og 2014 var under 250.000 USD.

Skattestyrelsen har efter fremsendelse af forslag til afgørelse den 13. april 2018 flere gange imødekommet udsættelse af indsigelsesfristen, senest indtil den 31. januar 2019.

### 1.2. Refunderet udbytteskat
Med henvisning til dobbeltbeskatningsoverenskomsten mellem Danmark og USA har agenten Acupay System LLC på vegne af MIPP anmodet om, og fået refunderet, den indeholdte udbytteskat vedrørende følgende aktier[3]:

| SKATs bundt nr. | Dato for anmodningen | Aktie | Antal | Ex-dato | Udbytte i alt DKK | Refunderet udbytteskat DKK |
|---|---|---|---|---|---|---|
| 64812 | 02-09-2012 | TDC A/S | 7.750.000 | 09-08-2012 | 17.825.000 | 4.812.750 |
| 1613 | december 2012 | Coloplast A/S - B | 310.000 | 12-12-2012 | 6.200.000 | 1.674.000 |
| 85412 | 17-12-2012 | CHR. Hansen Holding A/S | 1.020.000 | 28-11-2012 | 2.958.000 | 798.660 |
| 17313 | 19-03-2013 | Novozymes A/S B | 2.100.000 | 01-03-2013 | 4.620.000 | 1.247.400 |
| 17313 | 19-03-2013 | TDC A/S | 5.775.000 | 08-03-2013 | 13.282.500 | 3.586.275 |
| 27513 | 19-04-2013 | H Lundbeck A/S | 1.325.000 | 21-03-2013 | 2.650.000 | 715.500 |
| 27513 | 19-04-2013 | FL Smidth & CO A/S | 355.000 | 08-04-2013 | 3.195.000 | 862.650 |
| 27513 | 19-04-2013 | DSV A/S | 1.400.000 | 22-03-2013 | 1.750.000 | 472.500 |
| 27513 | 19-04-2013 | Carlsberg A/S - B | 800.000 | 22-03-2013 | 4.800.000 | 1.296.000 |
| 33513 | 16-05-2013 | A.P. Møller Mærsk A/S A | 6.000 | 12-04-2013 | 7.200.000 | 1.944.000 |
| 33513 | 16-05-2013 | A.P. Møller Mærsk A/S B | 14.800 | 12-04-2013 | 17.760.000 | 4.795.200 |
| 33513 | 16-05-2013 | Tryg A/S | 205.000 | 19-04-2013 | 5.330.000 | 1.439.100 |
| 33513 | 16-05-2013 | Novo Nordisk A/S B | 3.000.000 | 21-03-2013 | 54.000.000 | 14.580.000 |

---

[1] Bilag 210-2-1 til 210-2-2
[2] Bilag 210-2-1 til 210-2-2
[3] Bilag 210-A-1 til 210-A-79 og 210-B-1 til 210-B-3

Highly Confidential

MPSKAT00169678

| | | | | | | |
|---|---|---|---|---|---|---|
| 65013 | 29-08-2013 | TDC A/S | 4.950.000 | 08-08-2013 | 7.425.000 | 2.004.750 |
| 90613 | 10-12-2013 | CHR. Hansen Holding A/S | 760.856 | 27-11-2013 | 4.762.958 | 1.285.998 |
| 5514 | 06-01-2014 | Coloplast A/S - B | 981.000 | 06-12-2013 | 6.867.000 | 1.854.090 |
| 28114 | 20-03-2014 | Novozymes A/S B | 882.030 | 27-02-2014 | 2.205.075 | 595.370 |
| 28114 | 20-03-2014 | TDC A/S | 4.099.188 | 07-03-2014 | 9.018.213 | 2.434.917 |
| 30214 | 17-04-2014 | A.P. Møller Mærsk A/S A | 10.967 | 01-04-2014 | 15.353.800 | 4.145.526 |
| 30214 | 17-04-2014 | A.P. Møller Mærsk A/S B | 8.797 | 01-04-2014 | 12.315.800 | 3.325.266 |
| 30214 | 17-04-2014 | Tryg A/S | 102.847 | 04-04-2014 | 2.776.869 | 749.754 |
| 30214 | 17-04-2014 | Pandora A/S | 453.837 | 20-03-2014 | 2.949.940 | 796.483 |
| 30214 | 17-04-2014 | Carlsberg A/S - B | 547.149 | 21-03-2014 | 4.377.192 | 1.181.841 |
| 30214 | 17-04-2014 | Danske Bank A/S | 3.374.310 | 19-03-2014 | 6.748.620 | 1.822.127 |
| 30214 | 17-04-2014 | Novo Nordisk A/S B | 11.177.461 | 21-03-2014 | 50.298.574 | 13.580.615 |
| 42514 | 27-05-2014 | Coloplast A/S - B | 622.747 | 09-05-2014 | 2.490.988 | 672.566 |
| 68414 | 19-08-2014 | TDC A/S | 2.772.261 | 08-08-2014 | 4.158.391 | 1.122.765 |
| I alt | | | | | 273.318.920 | 73.796.103 |

Anmodningerne var vedlagt følgende bilag[4]:
1. Blanket 06.003 ENG – Claim to Relief from Danish Dividend Tax.
2. Dividend Credit Advices – udarbejdet af MIPP's custodian Solo Capital Partners LLP.
3. FORM 6166 from Internal Revenue Service (IRS) – Certificate of resident in USA (udstedt af de amerikanske skattemyndigheder).
4. Special Power of Attorney to Acupay System LLC.

Ad 1. I blanket 06.003 erklæres det, at MIPP er den retmæssige ejer af aktierne og er omfattet af dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

Ad. 2. Ifølge Dividend Credit Advices udarbejdet af custodian Solo Capital Partners LLP har MIPP modtaget nettoudbytte af aktierne.

## 1.3. Beregning af investeringerne

Med udgangspunkt i at MIPP skal eje aktierne på det tidspunkt, hvor udbytteudlodningen besluttes på generalforsamlingen (dagen før ex-datoen), er anskaffelsessummerne for MIPP's køb af de aktier, som fremgår af anmodningerne[5], beregnet på baggrund af lukkekursen på sidste børsdag før ex-datoen[6]:

| SKATs bundt nr. | Aktie | Kursdato | Antal | Kurs | Beregnet anskaffelsessum DKK |
|---|---|---|---|---|---|
| 64812 | TDC A/S | 08-08-2012 | 7.750.000 | 42,00 | 325.500.000 |
| 85412 | CHR. Hansen Holding A/S | 27-11-2012 | 1.020.000 | 188,00 | 191.760.000 |
| 1613 | Coloplast A/S - B | 11-12-2012 | 310.000 | 1.390,00 | 430.900.000 |
| 17313 | Novozymes A/S B | 28-02-2013 | 2.100.000 | 199,10 | 418.110.000 |
| 17313 | TDC A/S | 07-03-2013 | 5.775.000 | 45,97 | 265.476.750 |
| 27513 | H Lundbeck A/S | 20-03-2013 | 1.325.000 | 103,30 | 136.872.500 |
| 33513 | Novo Nordisk A/S B | 20-03-2013 | 3.000.000 | 951,50 | 2.854.500.000 |
| 27513 | DSV A/S | 21-03-2013 | 1.400.000 | 143,60 | 201.040.000 |
| 27513 | Carlsberg A/S - B | 21-03-2013 | 800.000 | 576,00 | 460.800.000 |

---

[4] Bilag 210-A-1 til 210-A-79 og 210-B-1 til 210-B-3
[5] Bilag 210-A-1 til 210-A-79 og 210-B-1 til 210-B-3
[6] Kursen fremgår af Nasdaqs hjemmeside: http://www.nasdaqomxnordic.com

Highly Confidential

MPSKAT00169679

| 27513 | FL Smidth & CO A/S | 05-04-2013 | 355.000 | 347,10 | 123.220.500 |
|---|---|---|---|---|---|
| 33513 | A.P. Møller Mærsk A/S A | 11-04-2013 | 6.000 | 42.120,00 | 252.720.000 |
| 33513 | A.P. Møller Mærsk A/S B | 11-04-2013 | 14.800 | 45.760,00 | 677.248.000 |
| 33513 | Tryg A/S | 18-04-2013 | 205.000 | 480,90 | 98.584.500 |
| 65013 | TDC A/S | 07-08-2013 | 4.950.000 | 47,18 | 233.541.000 |
| 90613 | CHR. Hansen Holding A/S | 26-11-2013 | 760.856 | 204,00 | 155.214.606 |
| 5514 | Coloplast A/S - B | 05-12-2013 | 981.000 | 358,30 | 351.492.300 |
| 28114 | Novozymes A/S B | 26-02-2014 | 882.030 | 254,00 | 224.035.620 |
| 28114 | TDC A/S | 06-03-2014 | 4.099.188 | 52,65 | 215.822.234 |
| 30214 | Danske Bank A/S | 18-03-2014 | 3.374.310 | 145,70 | 491.636.967 |
| 30214 | Pandora A/S | 19-03-2014 | 453.837 | 356,00 | 161.565.945 |
| 30214 | Carlsberg A/S - B | 20-03-2014 | 547.149 | 522,00 | 285.611.778 |
| 30214 | Novo Nordisk A/S B | 20-03-2014 | 11.177.461 | 245,80 | 2.747.419.886 |
| 30214 | A.P. Møller Mærsk A/S A | 31-03-2014 | 10.967 | 62.500,00 | 685.437.500 |
| 30214 | A.P. Møller Mærsk A/S B | 31-03-2014 | 8.797 | 65.000,00 | 571.805.000 |
| 30214 | Tryg A/S | 03-04-2014 | 102.847 | 551,50 | 56.720.121 |
| 42514 | Coloplast A/S - B | 08-05-2014 | 622.747 | 468,10 | 291.507.871 |
| 68414 | TDC A/S | 07-08-2014 | 2.772.261 | 51,35 | 142.355.585 |

## 1.4. Registrering af danske aktier

Alle aktier i danske børsnoterede selskaber er registreret hos VP Securities, som er den danske værdipapircentral.

Til denne registrering hører et værdipapirdepot i en dansk bank oprettet i en aktionærs navn. Et værdipapirdepot indeholder aktionærens aktiebeholdninger, som kan være sammensat af aktier i forskellige danske børsnoterede selskaber. Et værdipapirdepot og dets beholdning kan også have flere ejere (benævnt et omnibusdepot).

Ved søgning i oplysninger fra VP Securities er der ikke fundet noget værdipapirdepot i en dansk bank, hvor MIPP eller dennes custodian Solo Capital Partners LLP er registreret som ejer.

## 1.5. Oplysninger fra IRS i USA

Skattestyrelsen har via Kompetent Myndighed i Danmark og USA modtaget oplysninger fra skattemyndigheden IRS i USA.

IRS har i brev af 13. juni 2016 vedlagt Instructions for FORM 5500-EZ hvoraf det bl.a. fremgår:[7]
- At "Who Does Not Have To File FORM 5500-EZ
  You do not have to file FORM 5500-EZ for the 2015 plan year for a one-participant plan if the total of the plan's assets and the assets of all other one-participant plans maintained by the employer at the end of the 2015 plan year does not exceed $250,000, unless 2015 is the final plan year of the plan. For more information on final plan years, see Final Return later."

---

[7] Bilag 210-1-1 til 210-1-13

Highly Confidential

MPSKAT00169680

IRS har i brev af 7. juni 2017 oplyst[8]:
- At MIPP blev stiftet i maj 2012.
- At IRS ikke er i besiddelse af FORM 5500 for MIPP, da der ikke er indsendt FORM 5500 for 2012, 2013 eller 2014.

Det er på baggrund af oplysningerne fra IRS Skattestyrelsens vurdering, at der er tale om en *"One-Participant (owners and Their Spouses) Retirement Plan"*.

IRS har i forbindelse med generelle spørgsmål om pensionsplaner og indskud herpå fremsendt links til IRS-hjemmeside vedrørende "Topics for Retirement Plans"[9]. Af hjemmesiden fremgår blandt andet følgende:
- At en One-Participant 401(k) plan omfatter en virksomhedsejer uden nogen ansatte ud over personen og eventuelt dennes nærtstående.
- At det årlige indskud er begrænset til mellem 12.500 og 53.000 USD alt efter indskyders alder (over eller under 50 år).

Skattestyrelsen har på baggrund af oplysninger fra IRS lagt til grund:
- At hvis en pensionsplan ikke indgiver FORM 5500, tilkendegiver pensionsplanen, at der er tale om en One-Participant Retirement Plan med en formue på under 250.000 USD.
- At hvis en skattefri pensionsplan driver virksomhed (Unrelated Business Income), skal den betale skat af indtægterne herfra, og der skal indgives en Form 990-T til IRS.
- At hvis en skattefri pensionsplan har lånefinansieret indkomst (Dept-financed Income) skal der betales skat af indtægterne heraf, og der skal indgives en Form 990-T til IRS.
- At hvis en pensionsplan udlodder midler, skal dette indberettes til IRS på en Form 1099, hvor det skal oplyses hvor meget der er udbetalt og til hvem. Den person, der har modtaget midlerne, er skattepligtig af indtægten og skal selvangive denne.

IRS har endvidere oplyst, at IRS ved besvarelsen den 7. juni 2017 af Skattestyrelsens forespørgsel har undersøgt, om MIPP havde indsendt nogen form for selvangivelse/indberetning. Dette var ikke tilfældet. MIPP har derfor hverken indsendt FORM 5500, Form 990-T eller Form 1099.

## 2. Retsregler

### 2.1. Lovbekendtgørelser
Selskabsskatteloven – lovbekendtgørelse nr. 1082 af 14. november 2012 og nr. 680 af 20. maj 2015:
- § 2, stk. 1, litra c og stk. 3, 2. pkt.

Ligningsloven – lovbekendtgørelse nr. 1017 af 28. oktober 2011 med senere ændringer og nr. 405 af 22. april 2013 med senere ændringer:
- § 16 A, stk. 1.

Kildeskatteloven – lovbekendtgørelse nr. 1403 af 7. december 2010 med senere ændringer:
- §§ 65, stk. 1 og 69 B, stk. 1.

---

[8] Bilag 210-2-1 til 210-2-2
[9] Bilag 210-3-1 til 210-3-16

Highly Confidential

MPSKAT00169681

## 2.2. Dobbeltbeskatningsoverenskomst
BKI nr. 13 af 14/4 2000 af overenskomst af 19/8 1999 mellem Danmark og USA til undgåelse af dobbeltbeskatning og forhindring af skatteunddragelse for så vidt angår indkomstskatter. Som ændret ved BKI nr. 1 af 18/2 2008 af protokol af 2/5 2006:
- Artiklerne 10 og 22.

## 3. Skattestyrelsens bemærkninger

## 3.1. Lovgrundlaget/retsgrundlaget
En amerikansk pensionskasse, der er den retmæssige ejer af danske aktier, og som har modtaget udbytte, hvoraf der er indeholdt udbytteskat, kan få refunderet udbytteskatten, hvis pensionskassen opfylder betingelserne herfor i art. 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA, jf. kildeskattelovens § 69 B, 1. pkt.

## 3.2. Ejerskabet af aktier og modtagelse af aktieudbytte
MIPP har i ansøgningsskemaer om tilbagebetaling af udbytteskat oplyst, at MIPP var ejer af de pågældende aktier, samt at MIPP har modtaget aktieudbytte, hvoraf der var indeholdt udbytteskat.

Det er Skattestyrelsens opfattelse, at MIPP, som nystiftet pensionskasse med én deltager med de deraf begrænsede indskudsmuligheder, ikke har haft den fornødne kapital til at foretage de investeringer i danske aktier, der ligger til grund for de nævnte anmodninger om refusion af udbytteskat.

Det er derfor Skattestyrelsens vurdering, at MIPP ikke kan have været ejer af aktierne, og at MIPP ikke har modtaget udbytte af aktierne. Skattestyrelsen har ved vurderingen heraf lagt vægt på nedenstående punkter:

### 3.2.1. Værdipapirdepot
Alle aktier i danske børsnoterede selskaber er registreret hos VP Securities, som er den danske værdipapircentral. Til denne registrering hører et værdipapirdepot i en dansk bank oprettet i en aktionærs navn. Et værdipapirdepot og dets beholdning kan også have flere ejere (benævnt et omnibusdepot).

Hverken MIPP eller dennes Custodian Solo Capital Partners LLP er registret som ejer af et værdipapirdepot i en dansk bank. Skattestyrelsen har derfor ingen oplysninger om, at MIPP har ejet de aktier, der er refunderet udbytteskat af.

### 3.2.2. Kapitalgrundlaget for pensionskassens investeringer
MIPP blev stiftet i maj 2012[10].

Ifølge oplysningerne fra myndighederne i USA er der tale om en pensionskasse, hvor der kun er en deltager, som årligt max kan indbetale 12.500/53.000 USD[11] (ca. 76.501/324.434 kr. i 2014 og

---
[10] Bilag 210-2-1 til 210-2-2
[11] Bilag 210-3-1 til 210-3-16

67.658/286.873 kr. i 2013 og 67.659/299.932 kr.i 2012)[12].

Da MIPP ikke har indsendt FORM 5500 for hverken 2012, 2013 og 2014, har MIPP overfor IRS tilkendegivet, at deres aktiver ultimo 2012, 2013 og 2014 er under 250.000 USD[13] (1.530.350 kr. i 2014 og 1.353.175 kr. i 2013 og 1.414.775 kr. i 2012)[14].

Skattestyrelsen har ud fra de modtagne Dividend Credit Advices beregnet, at samtlige af MIPP's investeringer i danske aktier[15] ligger langt over MIPP's kapitalgrundlag. Dette fremgår eksempelvis ved:

- At MIPP den 8. august 2012, 3 måneder efter stiftelsen, angiver at have investeret for 325.500.000 kr. i aktien TDC A/S.

- At MIPP den 20. marts 2013, 10 måneder efter stiftelsen, angiver at være ejer af aktier i Novo Nordisk A/S og H Lundbeck A/S til en værdi på i alt 2.991.372.500 kr.

- At MIPP den 20. marts 2014, 22 måneder efter stiftelsen, angiver at være ejer af aktier i Novo Nordisk A/S og Carlsberg A/S - B til en værdi på i alt 3.033.031.664 kr.

På dette grundlag er det Skattestyrelsens vurdering, at MIPP, som en nystiftet pensionskasse, der maksimalt om året kunne indskyde 12.500/53.000 USD, alt efter indskyders alder (over eller under 50 år), og med et kapitalgrundlag på under 250.000 USD ultimo de relevante indkomstår, ikke havde den fornødne kapital til at foretage de investeringer, der ligger til grund for MIPP's anmodninger.

### 3.2.3. Aktieudbytte og indeholdt udbytteskat

MIPP skulle fra stiftelsen i maj 2012 og frem til august 2014 ifølge de indsendte Dividend Credit Advices have fået udbytter for i alt 273.318.920 kr.[16], heraf udgør de tilbagesøgte og refunderede udbytteskatter i alt 73.796.103 kr.[17]

Det er Skattestyrelsens opfattelse, at udbytterne vedrørende de aktier, som fremgår af anmodningerne, ikke er tilgået MIPP, da MIPP's kapitalgrundlag anses for at være under 250.000 USD ultimo året, idet MIPP ikke har indsendt FORM 5500 til IRS. MIPP har heller ikke angivet Unrelated Business Income eller Dept-financed Income (Form 990-T) eller oplyst om udlodninger af midler (Form 1099) til IRS.

Nettoudbyttet fra de danske aktier 199.522.817 kr. kan derfor ikke være tilgået MIPP.

---

[12] Kurs ultimo 2014 (612,14) / 2013 (541,27) / 2012 (565,91), jf. www.nationalbanken.dk.
[13] Bilag 210-2-1 til 210-2-2
[14] Kurs ultimo 2014 (612,14) / 2013 (541,27) / 2012 (565,91), jf. www.nationalbanken.dk.
[15] Afsnit 1.3
[16] Afsnit 1.2
[17] Afsnit 1.2

Highly Confidential        MPSKAT00169683

### 3.3. Tilbagekaldelse af tidligere afgørelser

MIPP har ved anmodningerne om refusion afgivet oplysninger om, at MIPP var retmæssig ejer af aktierne, jf. blanket 06.003, og at MIPP havde modtaget udbytte og betalt udbytteskat, jf. Dividend Credit Advices udarbejdet af MIPP's custodian Solo Capital Partners LLP .

Skattestyrelsen har nu konstateret, at der var tale om en nystiftet pensionskasse med det deraf følgende begrænsede kapitalgrundlag, samt at MIPP ikke har indsendt FORM 5500, oplysninger om udlodninger eller andet til IRS. Dette betyder, at MIPP ikke har haft det fornødne kapitalgrundlag til at foretage investeringer i de danske aktier, på hvilken baggrund MIPP har ansøgt om refusion af indeholdte udbytteskatter.

Det er derfor Skattestyrelsens vurdering, at MIPP ikke kan have været ejer af aktierne, og at MIPP derfor ikke har modtaget udbytte af aktierne.
Skattestyrelsen finder på baggrund heraf, at MIPP ikke opfylder betingelserne i kildeskattelovens § 69 B, samt artikel 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.
Skattestyrelsen tilbagekalder derfor afgørelserne.

## 4. Skattestyrelsens forslag til afgørelse af 13. april 2018

Skattestyrelsen foreslår, at de tidligere afgørelser om refusion af udbytteskatter på i alt 73.796.103 kr. til MIPP tilbagekaldes, idet MIPP ikke har været berettiget til at modtage udbytteskatten.

Tilbagekaldelsen angår følgende afgørelser:

| | | | |
|---|---|---:|---|
| Anmodning af | 2. september 2012 | 4.812.750 | kr. |
| Anmodning af | december 2012 | 1.674.000 | kr. |
| Anmodning af | 17. december 2012 | 798.660 | kr. |
| Anmodning af | 19. marts 2013 | 4.833.675 | kr. |
| Anmodning af | 19. april 2013 | 3.346.650 | kr. |
| Anmodning af | 16. maj 2013 | 22.758.300 | kr. |
| Anmodning af | 29. august 2013 | 2.004.750 | kr. |
| Anmodning af | 10. december 2013 | 1.285.998 | kr. |
| Anmodning af | 6. januar 2014 | 1.854.090 | kr. |
| Anmodning af | 20. marts 2014 | 3.030.287 | kr. |
| Anmodning af | 17. april 2014 | 25.601.612 | kr. |
| Anmodning af | 27. maj 2014 | 672.566 | kr. |
| Anmodning af | 19. august 2014 | 1.122.765 | kr. |
| I alt | | 73.796.103 | kr. |

Det er Skattestyrelsens vurdering, at MIPP ikke ejer eller har ejet de aktier, som fremgår af anmodningerne, og at udbytterne vedrørende de aktier, som fremgår af anmodningerne, ikke er tilgået MIPP.

Det er endvidere Skattestyrelsens vurdering, at MIPP ikke har haft den fornødne kapital til at foretage de investeringer i danske aktier, der ligger til grund for de nævnte anmodninger om refusion af udbytteskat.

Highly Confidential            MPSKAT00169684

MIPP skulle ifølge de indsendte Dividend Credit Advices have investeret i aktier i danske selskaber for et betydeligt beløb og modtaget udbytter heraf. Sagens oplysninger giver ikke grundlag for sådanne betydelige investeringer.

Skattestyrelsen har lagt vægt på:
- At MIPP er en nystiftet pensionskasse.
- At MIPP kun har en enkelt deltager med de deraf begrænsede indskudsbeløb.
- At MIPP ikke har indsendt FORM 5500 i USA, hvorfor det må lægges til grund, at MIPP's formue var under 250.000 USD ultimo de relevante indkomstår.

Det er således på baggrund af de nu foreliggende oplysninger Skattestyrelsens vurdering, at MIPP ikke har haft økonomiske muligheder for at eje aktier i et sådant omfang, som angivet i MIPP's anmodninger om refusion af dansk udbytteskat. Dette fremgår eksempelvis ved:

- At MIPP den 8. august 2012, 3 måneder efter stiftelsen, angiver at have investeret for 325.500.000 kr. i aktien TDC A/S.

- At MIPP den 20. marts 2013, 10 måneder efter stiftelsen, angiver at være ejer af aktier i Novo Nordisk A/S og H Lundbeck A/S til en værdi på i alt 2.991.372.500 kr.

- At MIPP den 20. marts 2014, 22 måneder efter stiftelsen, angiver at være ejer af aktier i Novo Nordisk A/S og Carlsberg A/S - B til en værdi på i alt 3.033.031.664 kr.

MIPP opfylder således ikke betingelserne for at få refunderet indeholdte udbytteskatter af danske aktier, jf. artikel 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

Skattestyrelsen har derfor refunderet de nævnte udbytteskatter til MIPP på et urigtigt grundlag, og Skattestyrelsen foreslår derfor at tilbagekalde de tidligere afgørelser om refusion af udbytteskatter.

## 5. Pensionskassens bemærkninger til Skattestyrelsens forslag
Skattestyrelsen har ikke modtaget nogen bemærkninger fra MIPP.

## 6. Skattestyrelsens endelige afgørelse
Da Skattestyrelsen ikke har modtaget nogen bemærkninger fra MIPP, træffer Skattestyrelsen afgørelse i overensstemmelse med det tidligere fremsendte forslag.

## Klagevejledning

**Hvis I vil klage**
Så skal I skrive til Skatteankestyrelsen senest tre måneder efter den dag, hvor I har fået denne afgørelse.

Skriv alle de punkter, I vil klage over, og begrund for hvert punkt, hvorfor I mener, afgørelsen er forkert. Vedlæg afgørelsen og sagsfremstillingen. Har I dokumenter, som støtter og underbygger

Highly Confidential

jeres klage, beder vi jer også vedlægge dem. Hvis I ønsker et møde med en sagsbehandler i Skatteankestyrelsen, skal I skrive dit telefonnummer i klagen.

Det koster 400 kr. at klage. Hvis I får helt eller delvist ret i jeres klage, får I pengene tilbage.

**Sådan sender I klagen og betaler**
I kan sende klagen
- elektronisk via Skatteankestyrelsens klageformular på skatteankestyrelsen.dk, hvor I samtidig bliver bedt om at betale med betalingskort eller Mobile Pay.
- som digital post via borger.dk. eller virk.dk. Betal ved at overføre 400 kr. til kontoen med registreringsnr. 0216 og kontonr. 4069029361, og skriv jeres navn og TIN-nr. i meddelelsesfeltet.
- som brev til Skatteankestyrelsen, Ved Vesterport 6, 4. sal, 1612 København V. Betal ved at overføre 400 kr. til kontoen med registreringsnr. 0216 og kontonr. 4069029361, og skriv jeres navn og TIN-nr. i meddelelsesfeltet.
- Betaling fra udlandet kan ske ved overførsel af beløbet til 0216 (registreringsnummer bank) 4069029361 (kontonummer), IBAN DK 0502164069029361, SWIFT DABADKKK.

**I kan søge om at få betalt jeres rådgiver**
Hvis I får en rådgiver til at hjælpe med klagesagen, kan I søge om at få rådgivningen betalt helt eller delvist, hvis sagen er omfattet af reglerne i skatteforvaltningslovens kapitel 19. Der kan læses mere om denne mulighed på skat.dk/omkostningsgodtgørelse.

**Love og regler**
De love og afgørelser, der er henvist til, kan findes på skat.dk/love eller skat.dk/afgørelser. Yderligere information/vejledning i at klage kan hentes på skat.dk/klage eller skatteankestyrelsen.dk/english.

Venlig hilsen

**Katrine Basballe**
Specialkonsulent

E-mail: katrine.basballe@sktst.dk
Telefon nr.: (+45) 72 37 02 38

**John Christiansen**
Chefkonsulent

E-mail: john.christiansen@sktst.dk
Telefon nr.: (+45) 20 75 83 56

**Lill Drost**
Funktionsleder

E-mail: lill.drost@sktst.dk

Kopi sendt til jeres repræsentant: Lundgrens Advokatpartnerselskab, Tuborg Boulevard 12, 2900 Hellerup, Att.: Jakob Schilder-Knudsen.

Highly Confidential
MPSKAT00169686