# Exhibit 20

Ansøgning om refusion af udbytteskat

# Ansøgning om refusion af udbytteskat

Der gælder fem betingelser for, at du kan ansøge om refusion af dansk udbytteskat, se *Fem betingelser til refusion af dansk udbytteskat*. Det er vigtigt, at du dokumenterer, at alle fem betingelser er opfyldt, se *Dokumentation af de fem betingelser*.

Du kan søge refusion på op til 20 forskellige udbytteudlodninger i en ansøgning, men kun for én aktionær ad gangen.

Bemærk, at forældelsesfristen, der regnes fra det tidspunkt, hvor aktionæren har modtaget udbyttet, i de fleste tilfælde er 3 år. Særlige forældelsesfrister kan dog følge af dobbeltbeskatningsoverenskomster.

Ansøg om refusion af udbytteskat (webblanket)

## ^ Fem betingelser for refusion af dansk udbytteskat

Der gælder fem betingelser for, at en aktionær har ret til refusion af dansk udbytteskat:

### Betingelse nr. 1

Aktionæren eller dennes repræsentant skal indgive en ansøgning om refusion af dansk udbytteskat ved at benytte den digitale blanket (webblanketten). Repræsentanter, der har behov for at sende ansøgninger for mange aktionærer, kan benytte vores særlige masseafleveringsformat, se nedenfor om *Format til mange ansøgninger*.

### Betingelse nr. 2

Aktionæren skal være begrænset skattepligtig til Danmark eller ikke-skattepligtig til Danmark.

### Betingelse nr. 3

Der skal være indeholdt dansk udbytteskat af det udbytte, som der søges refusion for.

### Betingelse nr. 4

Aktionæren skal være den retmæssige ejer af aktierne på tidspunktet for vedtagelsen af udbyttet.

### Betingelse nr. 5

Den indeholdte danske skat skal overstige den endelige skat i henhold til dobbeltbeskatningsoverenskomsten, moder-/datterselskabsdirektivet eller gældende dansk skatteret.

Du skal på ansøgningstidspunktet kunne dokumentere, at alle de fem betingelser for at få refunderet udbytteskat er opfyldt, se mere under *Dokumentation af de fem betingelser*. Dokumentationen skal vedhæftes i den digitale ansøgning.

---

## ^ Dokumentation af de fem betingelser

### Betingelse nr. 1: Fuldmagt fra en repræsentant

Hvis du søger på vegne af én eller flere aktionærer, skal du have en fuldmagt fra den enkelte aktionær. Er der flere repræsentanter mellem dig og aktionæren, skal der være fuldmagter fra alle repræsentanter.

### Betingelse nr. 2: Attest om skattemæssigt hjemsted

Der skal vedhæftes en erklæring eller anden dokumentation om aktionærens skattemæssige hjemsted på udbyttetidspunktet, som er attesteret af den udenlandske kompetente myndighed, medmindre ansøgningen er vedlagt gyldigt frikort udstedt af Skattestyrelsen.

Du kan læse om gyldigt frikort på Indberet og betal udbytte og udbytteskat under Udbyttefrikort.

Attestationen skal dokumentere, at aktionæren er fuldt skattepligtig i sit land. Bemærk, at en attest om et skattemæssigt hjemsted **ikke** kan være en kopi af et pas eller et oplysningsskema.

Der kan være særlige regler for udstedelse af hjemstedserklæringer i dit land. Se eksempel på skabelon til hjemstedserklæring blanket 02.050 for privatpersoner og 02.051 for selskaber m.m.

## Betingelse nr. 3 og nr. 4: Eksempler på dokumentation

Der er nedenfor givet nogle eksempler på hvordan betingelse nr. 3 og nr. 4 kan dokumenteres.

### Udbyttenota

Det skal fremgå, at der er indeholdt dansk udbytteskat. Du kan fx se dette på en nota eller meddelelse fra aktionærens depotbank om modtaget aktieudbytte. Her vil tidspunktet for vedtagelsen af udbyttet også ofte fremgå.

### Kontoudtog

Du skal dokumentere, at pengene er gået ind på kontoen. Vedlæg fx kopi af aktionærens kontoudtog eventuelt suppleret med SWIFT-confirmation eller skærmprint fra bankens system.

Er udbyttet overført gennem flere banker, skal der indsendes dokumentation for overførslen for alle led i kæden.

### Depotoversigt

Du skal vedhæfte en depotoversigt, som skal give et overblik over aktionærens aktiebeholdning på tidspunktet for vedtagelsen af udbyttet, således at antallet af aktier på dette tidspunkt svarer til det antal aktier, der søges refusion for.

Depotoversigten skal desuden vise bevægelser af aktiebeholdningen for perioden 6 måneder før udbyttetidspunktet til 6 måneder efter udbyttetidspunktet. Hvis du ansøger, inden der er gået 6 måneder efter udbyttetidspunktet, skal oversigten i stedet vise bevægelserne frem til ansøgningstidspunktet.

### Købsbilag

Hvis aktionæren har købt eller solgt aktier 6 måneder før eller efter datoen for vedtagelsen af udbyttet, skal der vedhæftes dokumentation for det, fx handelsbevis, kvittering eller SWIFT-confirmation. Hvis du ansøger, inden der er gået 6 måneder efter vedtagelsen af udbyttet, skal du i stedet vedlægge dokumentation for køb og salg frem til ansøgningstidspunktet.

### Fuldmagt

Hvis du søger på vegne af en aktionær, skal du have en fuldmagt fra aktionæren. Er der flere repræsentanter mellem dig og aktionæren, skal der være fuldmagter fra alle repræsentanter. Se eksempel på skabelon til fuldmagt blanket 02.043.

### Aktielån

Ved ansøgning skal det fremgå, om aktierne er lånt fra andre eller lånt til andre på tidspunktet for vedtagelsen af udbyttet.

I praksis anses aktielånsaftaler med en løbetid på i hvert fald seks måneder skattemæssigt som lån af aktier og ikke som en afståelse af aktier. Efter nyere praksis er det tilsvarende fastslået, at også aftaler, hvor der ikke på forhånd er aftalt et udløbstidspunkt for aftalen, men hvor aftalen af både långiver og låntager kan opsiges med få dages varsel, skattemæssigt kvalificeres som lån af aktier og ikke som en afståelse.

Aktielånsaftalerne udarbejdes normalt på baggrund af de danske standardvilkår eller standardvilkårene i de internationale aktielånsaftaler ISLA eller OSLA.

I en aktielånsaftale mellem långiver og låntager vil långiver således stadig skattemæssigt være den retmæssige ejer ("beneficial owner") af udbyttet. Det er alene den part, der skattemæssigt anses som den retmæssige ejer af udbyttet, der har ret til at få tilbagebetalt eventuelt for meget indeholdt udbytteskat.

Långivers status som retmæssig ejer af udbyttet skal ses i sammenhæng med, at långiver efter udlånet fortsat anses som den aktuelle aktionær. Om man er aktuel aktionær baseres på, om man er aktionær på det tidspunkt udbyttet deklareres, altså om man er aktionær på retserhvervelsestidspunktet.

Deklarering af udbytte vil sædvanligvis ske på selskabets ordinære eller ekstraordinære generalforsamling. Skattemæssigt forstås udbytte således som alt, hvad der udloddes af et selskab til aktuelle aktionærer.

Sælger låntager videre til tredjemand, sker der ikke afståelsesbeskatning af långiveren. Tredjemand bliver imidlertid retmæssig ejer af udbyttet. Udbyttet beskattes således hos tredjemand, som også er berettiget til at modtage en eventuel refusion af for meget indeholdt udbytteskat.

## Betingelse nr. 5: Dobbeltbeskatningsoverenskomst, moder- og datterselskabsdirektivet eller dansk skatteret

Du skal i den digitale ansøgning oplyse om grundlaget for, at aktionæren er berettiget til refusion af udbytteskat. Aktionærens ret til refusion kan fremgå af en dobbeltbeskatningsoverenskomst, moder- og datterselskabsdirektivet eller dansk gældende skatteret.

## ^ Status på din ansøgning

Når du ansøger om refusion af udbytteskat modtager du en kvittering for, at vi har modtaget din ansøgning. Sådan har det været siden 1. januar 2016.

Vi har nu sendt et brev ud til alle refusionsansøgere, som har indsendt en refusionsansøgning før 1. maj 2018 og som endnu ikke har fået behandlet deres ansøgning. I brevet oplyser vi om den forventede sagsbehandlingstid.

Såfremt du ikke har modtaget et brev er du velkommen til at kontakte Skattestyrelsen på telefon 72 38 00 81. Det kan nemlig betyde, at vi ikke har de nødvendige oplysninger om dig til at kunne færdigbehandle din ansøgning.

For at lette sagsgangen bedes du ved henvendelsen oplyse om tidspunktet for indsendelsen, ansøgningen og andet, der kan identificere ansøgningen.

### Generelt om sagsbehandlingen

Vi er i gang med at behandle de mange ansøgninger om refusion af udbytteskat. Desværre er det lige nu ikke muligt at overholde en sagsbehandlingstid på under 6 måneder. Det skyldes fx at:

- Vi har modtaget mange ansøgninger (ca. 10.000 i både 2016 og 2017)
- Mange ansøgninger indeholder ikke den nødvendige dokumentation
- Det tager længere tid end forventet at gennemgå og kontrollere ansøgningerne

Husk derfor at vedhæfte den nødvendige dokumentation, når du ansøger om refusion af udbytteskat (læs mere under *Fem betingelser til refusion af dansk udbytteskat* og *Dokumentation af de fem betingelser*). På den måde kan vi hurtigere behandle din ansøgning.

Vi behandler ansøgningerne, så hurtigt vi kan og forventer at nedbringe sagsbehandlingstiden i løbet af 2018.

## ^ Sagsbehandling og udbetaling

Skattestyrelsen er forpligtet til at yde en rentegodtgørelse, hvis sagsbehandlingstiden overskrider en frist på 6 måneder, og forsinkelsen ikke skyldes forhold hos ansøger.

Hvis der ikke er vedhæftet eller efterfølgende indsendt fyldestgørende dokumentation (som nævnt under *Fem betingelser til refusion af dansk udbytteskat og Dokumentation af de fem betingelser*) løber fristen på de 6 måneder først fra det tidspunkt, hvor vi har modtaget dokumentation i sagen.

Vi kan bede om anden eller yderligere dokumentation, hvis vi vurderer, at der er brug for det. Fristen på de 6 måneder kan i disse tilfælde afbrydes, hvis dokumentationen ikke indsendes inden for den af os angivne frist.

Det skal bemærkes, at vi kun foretager udbetaling i danske kroner. Modtageren af den refunderede udbytteskat skal derfor sikre sig, at det anvendte pengeinstitut kan modtage en pengeoverførsel i danske kroner.

## ^ Format til mange ansøgninger

Repræsentanter, der har behov for at sende ansøgninger for mange aktionærer, kan benytte vores særlige masseafleveringsformat.

[Læs mere om masseafleveringsformatet](#)

Hvis du har spørgsmål, kan du kontakte Skattestyrelsen på telefon 72 22 28 82.

Se også *[den juridiske vejledning afsnit A.B.4.1.4.2](#)*.

# Claiming refund of Danish dividend tax

Please note that there are five refund requirements to observe if you want to claim refund of Danish dividend tax, please see Five refund requirements below. It is important to document that you comply with all five requirements, see Documentation requirements.

You can claim refund of dividend tax on up to 20 different dividend distributions on one claim form as long as all the dividends relate to the same shareholder.

Please note that the period of limitation, which begins when the shareholder receives the dividend, is usually three years. However, special periods of limitation may apply based on the individual double taxation agreement.

Open online claim form: Claim refund of Danish dividend tax

## ^ Five refund requirements

To obtain the right to claim a refund of Danish dividend tax, a shareholder must comply with the following five refund requirements:

### Requirement 1

The shareholder or the shareholder's agent should submit a claim for refund of Danish dividend tax by means of our online claim form. Representatives who need to submit claims for multiple shareholders may use our special bulk claim submission format. Please see 'Format for bulk claim submission' below.

### Requirement 2

The shareholder should be subject to limited tax liability in Denmark or not liable to pay tax in Denmark.

### Requirement 3

Danish dividend tax must have been withheld on the dividend for which a refund of dividend tax is claimed.

### Requirement 4

The shareholder was the beneficial owner of the shares when the dividend distribution was approved.

### Requirement 5

The withheld Danish tax must exceed the final tax payable according to the double taxation agreement, the parent-subsidiary directive or current Danish law.

Please make sure to document that you comply with all five requirements when you submit your claim. Please see 'Documentation requirements' below for further information and note that the documentation should be attached to the online claim form.

## ^ Documentation requirements

### Requirement 1: Power of attorney

If you make the claim as an agent for one or more shareholders you need a power of attorney from the individual shareholder. If there are more representatives between you and the shareholder, you need a signed power of attorney from all representatives.

### Requirement 2: Place of residence statement for tax purposes

You need to submit a place of residence statement or other documentation certified by the relevant foreign competent authority stating the shareholder's place of residence for tax purposes at the time of dividend distribution unless a valid tax exemption card issued by the Danish Tax Agency (Skattestyrelsen) is submitted along with the claim.

1

Please see Declaring and paying dividend and dividend tax for further information about valid dividend-tax exemption card.

The purpose of the statement is to document that the shareholder is subject to full tax liability in his home country. Please note that a passport or a tax return is **not** a place of residence statement for tax purposes.

There may be special rules that apply to the issuing of place of residence statements in your country. See example of a statement of principal place of residence, form 02.050 for private individuals and form 02.051 for companies.

## Requirements 3 and 4: Examples of documentation

Please see below for examples of how requirements 3 and 4 can be documented.

### Dividend voucher

The documentation must state that Danish dividend tax has been withheld. You can see this on a voucher or dividend statement issued by the shareholder's depository bank, for example. This statement will most often include the date when the dividend distribution was approved.

### Statement of account

You need to document that the dividend has been deposited into the account. Attach a copy of the shareholder's statement of account, for example, possibly along with a swift confirmation or screen print from the bank system.

If the dividend has been transferred via several banks, you need to submit documentation for all parts of the transfer.

### Custody account statement

Attach a custody account statement to give an overview of the shareholder's shareholding at the time when the dividend distribution was approved so that the number of shares at that time corresponds to the number of shares for which refund of Danish dividend tax is claimed.

Moreover, the custody account statement must also state any movement in the shareholding for the period six months before the dividend distribution and until six months after the dividend distribution. If you make a claim within six months after the time of dividend distribution, the statement must instead show movements up until the time when the claim was made.

### Purchase voucher

Documentation is required if the shareholder has bought or sold shares within a period of six months before and after the time when the dividend distribution was approved. Such documentation could be proof of trade, receipt or a SWIFT confirmation. If you make a claim within six months after the time the dividend distribution was approved, you must attach documentation for purchases and sales up until the time the claim was made.

### Power of attorney

If you make the claim as an agent, you need a power of attorney signed by the shareholder. If there are more representatives between you and the shareholder, you need a signed power of attorney from all representatives. See example of a power of attorney form 02.043.

### Share lending

The claim must state whether the shares were borrowed from or lent to others at the time when the dividend distribution was approved.

In practice, for tax purposes, share lending agreements with a term of at least six months are considered lending of shares and not disposal of shares. According to recent cases, it has also been established that, for tax purposes, agreements without a pre-arranged fixed term, but where both the lender and the borrower may terminate a loan at few days' notice, also qualify as share lending and not share disposal.

Usually, share lending agreements are prepared based on the Danish standard conditions or the standard conditions issued by the International Securities Lending Association (ISLA) or the Overseas Securities Lending Agreement (OSLA).

In a share lending agreement between a lender and a borrower, the *lender* will thus remain *the beneficial owner* of dividends for tax purposes. Therefore, it is solely the party who is considered the beneficial owner of dividends for tax purposes who is entitled to claim a refund of dividend tax.

2

The lender remains the beneficial owner of dividends and the actual shareholder even after he has lent the shares. A person is the actual shareholder if he owned the shares at the time the dividend payment was declared, meaning that he owned the shares on the vesting date.

Dividend payments are usually declared at the company's annual general meeting or its extraordinary general meeting. For tax purposes dividends are understood as everything distributed by a company to actual shareholders.

If the borrower resells the shares to a *third party*, the lender will not be charged tax on disposal of shares. However, the third party becomes the temporary beneficial owner of dividends. Thus, the third party is taxed on the dividends and the third party is also entitled to receive a possible refund of dividend tax if too much dividend tax has been withheld.

### Requirement 5: Double taxation agreement, EU Parent-Subsidiary Directive or Danish tax law

Please state the reason why the shareholder is entitled to claim a refund of Danish dividend tax in the online claim form. This may also be stated in a double taxation agreement, the EU Parent-Subsidiary Directive or current Danish tax law.

## Status of processing time

When you claim refund of Danish dividend tax, you get a receipt to document that you have submitted your claim. This has been the case since 1 January 2016.

We have now sent a letter to everybody who submitted a claim before 1 May 2018 and who has not yet had their claim processed. In the letter, we state the expected processing time.

Please call us on (+45) 72 38 00 81 if you have not received such a letter. It could be that we do not have all the required information about you to complete the processing of your claim.

In order to speed up the processing, please state when you submitted your claim and anything else that may help us identify your application.

### Case processing in general

We are currently processing numerous claims for refund of Danish dividend tax. Unfortunately, it is impossible for us to process each claim within six months from the time we received it as:

- We have received a high number of claims (approximately 10,000 in both 2016 and 2017).
- Many claims are insufficiently documented.
- It takes longer than first anticipated to process these claims

Please remember to submit the required documentation when you make a claim for refund of Danish dividend tax (see Five refund requirements and Documentation requirements above). This way we will be able to accelerate the processing of your claim.

We will process the claims as quickly as possible, and we expect to reduce processing time in 2018.

## Processing and refund

The Danish Tax Agency (Skattestyrelsen) is under obligation to pay interest if the processing time exceeds six months and the delay is not on the part of the claimant.

If no or inadequate information has been submitted or sent subsequently (as mentioned in Five refund requirements and Documentation requirements), the six month processing time does not take effect until we have received the required information.

We are entitled to request different or further documentation if we deem it necessary. In such case, the processing time of six months may be discontinued if the required documentation is not submitted within the deadline set by us.

Please note that we only make refunds in Danish kroner. The recipient of the refund of Danish dividend tax should ensure that his bank can handle a transfer of Danish kroner.

## Format for bulk claim submission

Representatives who need to submit claims for multiple shareholders may use SKAT's special bulk claim submission format.

Read more about the bulk claim submission format

Please contact the Danish Tax Agency (Skattestyrelsen) on (+45) 72 22 28 82 if you have any questions.

Language   ● EN   ○ DE

Please see our legal guide (in Danish) for further legal information.

**Claiming refund of Danish dividend tax**

Section 28 of the Danish Act on the Processing of Personal Data (Persondataloven)

Claiming refund of Danish dividend tax by means of our bulk claim submission format