# Exhibit 88

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to all cases listed in Appendix A. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**EXPERT REPORT OF MARCIA S. WAGNER**

**CONFIDENTIAL PURSUANT TO RULE 26(C) PROTECTIVE ORDER**

{14353/A0669529.1}

> being used for, or diverted to, any purpose other than for the exclusive benefit of the participants and the beneficiaries of that particular adopting plan;
>
> - The group trust instrument expressly provides for separate accounts (and appropriate records) to be maintained to reflect the interest which each adopting group trust retiree benefit plan has in the group trust, including separate accounting for contributions, disbursements and investment experience; and
>
> - The group trust instrument expressly prohibits an assignment by an adopting plan trust of any part of its equity or interest in the group trust.

### E.   *Other Conditions for Tax Qualification*

104. In order to qualify for the tax advantages of plan sponsorship and participation, the sponsor of a solo 401(k) plan, whether an individual or the individual's LLC, is required to show that it is carrying on a trade or business by engaging in an income-generating activity for profit on a regular and continuous basis. Investment activity by the plan itself, such as the purported Plan investments in Danish stocks, is not taken into account for this purpose.

## III.   OPERATIONAL STANDARDS FOR TAX-QUALIFIED 401(K) PLANS

105. U.S. law imposes a wide variety of other legal obligations on qualified pension plans, including regulatory reporting, disclosure and operational requirements. Failure to comply with these requirements may lead to the imposition of financial or other penalties on a plan or sponsor. Even where the ERISA statute does not apply, by its terms, its protections are nevertheless generally accepted as a uniform national standard for service providers and fiduciaries to follow. Legitimate pension plans are created in order to assist their participants in saving for retirement and enable both participants and their employers to enjoy certain tax advantages in doing so. Plan sponsors and vendors in the retirement industry make a point of operating and administering their plans in accordance with applicable legal obligations and the generally accepted standards enshrined in ERISA so as not to compromise or diminish these objectives. However, the Plans did not abide by one or more of the following legal obligations.

requirement is to prevent a plan from becoming locked into a situation that becomes disadvantageous. In addition, a services arrangement will only be treated as reasonable if the service provider makes certain disclosures to the plan regarding its direct and indirect compensation and whether its services will be performed in a fiduciary capacity.

3. *Reasonable Compensation.*

112. As to what constitutes reasonable compensation for the provision of services, the most important factor is whether the compensation is comparable to compensation paid to others performing similar services. Typically, fees in excess of 20% of profits may be considered unreasonable by the IRS and/or the DOL.

113. If the parties to a plan services arrangement fail to meet these conditions, the Code imposes an excise tax on a party participating in the resulting prohibited transaction equal to 15% of the "amount involved" in the transaction. A second tier-tax equal to 100% of the amount involved is imposed if the transaction is not corrected within a specified period.

C. **Stock Lending Exemption**

114. Both the Code and ERISA prohibit certain other transactions between a plan and a disqualified person, such as a fiduciary or plan service provider, such as the lending of money or shares or other extension of credit.[240] In order to permit certain loans relating to plan assets consisting of securities that may be beneficial to plans and involve a bank or broker-dealer, the DOL issued a class exemption from Code and ERISA prohibited transaction rules conditioned on detailed safeguards protecting plan interests.[241]

---

240. Code Section 4975(c)(1)(B).

241. DOL Prohibited Transaction Exemption 2006-16.

{14353/A0669529.1}   50

should have taken are <u>not</u> based on a hindsight assessment. A scheme of this complexity presented numerous and diverse factual circumstances of a suspicious nature and "major"[377] legal issues that needed to be resolved. Ben-Jacob failed to take the basic steps of investigating the suspicious facts and addressing and resolving the major issues his clients needed to clear up in order to justify his assistance in implementing the scheme.

* * * * * * * *

This Report is executed this 31st day of December 2021 at Boston, Massachusetts.

*[signature]*

Marcia S. Wagner, Esq.

---

[377]. WH_MDL_00369263 (Ex. 4512).

{14353/A0669529.1}                                    95