# Exhibit 17



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Danish into English of the attached The capital company area of the Danish Companies Act, pp. 130-131. I further certify that I am fluent in both Danish and English, and qualified to translate from Danish to English. My qualifications include 14 years of experience as a freelance translator as well as 4 years of experience as an in-house translator and editor.

Anna-Rebecca Hutt, Contract Attorney

Licensed in DC and Texas only

On the 6 day of June in the year 2022, before me, the undersigned notary public, personally appeared Anna-Rebecca Hutt, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____ Notary Public

The capital company area of the Danish Companies Act, pp. 130-131_certification.docx

*Chapter 3. The scope of the Companies Act*

the rules had been in effect at the time.[24] The preparatory work shows that in connection with conducting business, objectively and subjectively, there must be talk of "abusive conditions or matters of a serious nature in general."[25]

The Danish Sale of Goods Act § 157 can be said to be an expression of a legal reasonableness-based way of piercing the corporate veil: if you are under bankruptcy restrictions, you are    prohibited from participating in the management of a company, which you as the person with bankruptcy restrictions lacks personal or unlimited liability.    The prohibition usually applies for 3 years, cf. The Danish Sale of Goods Act § 158, para 1.

If the person under bankruptcy restrictions nevertheless participates in the management of a company that goes bankrupt before the expiration of the restriction, cf., The Danish Sale of Goods Act § 167, para. 3, the person under bankruptcy restrictions is personally liable, on an objective basis, for the portion of the debt that is not covered by the insolvent estate, cf., the Danish Sale of Goods Act § 167, para. 1.

The bankruptcy court may fully or partially exempt from this liability, cf., The Danish Sale of Goods Act § 167, para. 2, e.g., if participation in management has been very limited. Emphasis must be placed here on whether, considering the most important reasons for the bankruptcy and the former management member's share in it, it is reasonable to impose liability, cf., The Danish Sale of Goods Act § 167, para. 4. Before the bankruptcy court convenes a final creditors' meeting, the trustee must submit a summons to the bankruptcy court with a claim for liability, cf., The Danish Sale of Goods Act § 168, para. 1.

### 2.2.3. *Fixed loan capital*

Payment of a determined capital as company capital is highlighted as a requirement for and a distinctive feature of capital companies, Inc., and Ltd., in the Danish Companies Act §§ 4 and 357 a.    The companies' corporate capital or share capital must be at least DKK 50,000 and DKK 500,000, respectively. For Danish low-capital companies, which are otherwise subject to the rules for Ltd., , the capital requirement is only at least DKK 1, but the company must, as far as possible, build up a reserve of at least DKK 50,000, cf., the Danish Companies Act § 357 b. A company with startup capital or share capital, the size of which is changeable (variable), depending on e.g., of membership numbers, is not an Inc., or an Ltd., and can after

---

24. Cf., The Supreme Court's observations that "throughout the period the company was run in a manner, which must be described as clearly indefensible." If e.g., a company's bookkeeping and bookkeeping material has been lost and a credible explanation cannot be given for this, there is grossly inexcusable business management according to report no. 2011/1525 p. 140 ff.

25. Cf., report 2011/1525 p. 135 f and more specifically *Ulrik Rammeskow Bang-Pedersen*, *Lasse Højlund Christensen and Kim Sommer Jensen*: Bankruptcy p. 638 ff.

130

Bernhard Gomard og Peer Schaumburg-Müller - 9788757497649
Downloaded fra Jurabibliotek.dk 05/23/2022 02:14:36PM
via Kammeradvokaten

### 2. The concept of capital company (public limited company and private limited company)

January 1, 2014, only be established as a cooperative or an association, cf., The Danish Act on Certain Commercial Undertakings § 3.[26]

In an Inc. or Ltd., there can be a capital reserve or subordinated loan capital in addition to the share capital (paid-in capital). Such capital goes into bankruptcy prior to the shareholders, but is otherwise subject to the rules on loans, not rules on company capital (paid-in capital).[27] The Danish Companies Act's requirement of payment of 25 percent, but, at least DKK 50,000 of the share capital (the Danish Companies Act § 33) and that disbursement (reimbursement) of such capital can only take place by capital reduction or by liquidation for coverage of the share capital and payment or hedging of the creditors (the Danish Companies Act § 179) does not apply to such capital. Guarantee and other subordinated loan capital can be repaid as other debt capital in accordance with the agreement with the lenders or with declaratory rules, cf., UfR 1944.763 H. Redemption of shares can only take place according to the special rules in the Danish Companies Act § 69.

### 2.2.4. Business enterprise

The prior laws concerning public limited companies and private limited companies contained a provision that the laws applied to Inc., and Ltd., businesses. The provision was deleted from The Danish Companies Act as it was not given practical significance. Dormant companies and shelf companies have thus never been required to be dissolved, and companies with non-profit or charitable purposes can also exist as a capital company. The Danish Companies Act applies to all capital companies, cf., The Danish Companies Act § 1, para. 1. The term business-

---

26. The Danish Act on Certain Commercial Undertakings requires registration, and the Danish Financial Statements Act requires the presentation of annual accounting for limited liability companies. The rationale behind the 1884 draft p. 39 f of the former Danish Act on Trade Registers, Firms and Procuration of 1889 state that the rule in § 33, letter c of the Act, concerning a company with varying membership or capital should be registered under the rules on companies with limited liability (in § 20 of the Act), even if though members are personally liable, due to the fact that the contributed capital may waste away upon the resignation of members. - The description of companies with variable capital and membership numbers fits associations, both cooperatives and other associations. For further information on capital requirements, see *Henrik Dam and Søren Friis Hansen in Lennart Lynge Andersen et al. (ed.)*: Commemorative publication to Bernhard Gomard p. 73 ff, *Jan Schans Christensen*: The Danish Companies Act with comments p. 110 ff and *Peer Schaumburg-Müller and Erik Werlauff*: The Danish Companies Act with comments p. 148 ff.

27. The balance sheet shows subordinated loan capital as debt and the detailed terms are stated in a note, cf. The Danish Financial Statements Act § 93, para. 2.

131

Bernhard Gomard og Peer Schaumburg-Müller - 9788757497649
Downloaded fra Jurabibliotek.dk05/23/2022 02:14:36PM
via Kammeradvokaten

*Kapitel 3. Anvendelsesområdet for selskabsloven*

reglerne havde været gældende dengang.[24] Det fremgår af forarbejderne, at der i forbindelse med forretningsførelse, objektivt og subjektivt, skal være tale om »misbrugslignende forhold eller forhold af grov karakter i øvrigt«.[25]

KL § 157 kan siges at være udtryk for et lovhjemlet rimelighedsbaseret hæftelsesgennembrud: er man under konkurskarantæne, har personen forbud mod at deltage i ledelsen af en virksomhed, hvori personen under konkurskarantæne ikke hæfter personligt og ubegrænset. Forbuddet gælder normalt 3 år, jf. KL § 158, stk. 1.

Hvis personen under konkurskarantæne alligevel deltager i ledelsen af en virksomhed, der går konkurs inden udløbet af karantænen, jf. KL § 167, stk. 3, hæfter personen under konkurskarantæne personligt, på objektivt grundlag for den del af gælden, der ikke dækkes af konkursmassen, jf. KL § 167, stk. 1.

Skifteretten kan helt eller delvis fritage for denne hæftelse, jf. KL § 167, stk. 2, f.eks. hvis deltagelsen i ledelsen har haft et meget begrænset omfang. Her skal lægges vægt på, om det under hensyn til de vigtigste årsager til konkursen og det tidligere ledelsesmedlems andel heri er rimeligt at pålægge hæftelse, jf. KL § 167, stk. 4. Inden skifteretten indkalder til afsluttende skiftesamling, skal kurator indleveret en stævning til skifteretten med påstand om hæftelse, jf. KL § 168, stk. 1.

### 2.2.3.  Fast indskudskapital

Indskud af en bestemt kapital som selskabskapital er i SL §§ 4 og 357 a fremhævet som et krav til og et særkende ved kapitalselskaber, A/S'er og ApS'er. Selskabernes anpartskapital eller aktiekapital skal være mindst 50.000 kr. henholdsvis 500.000 kr. I IVS'er, der i øvrigt er undergivet reglerne om ApS'er, er kapitalkravet kun mindst 1 kr., men selskabet skal så vidt muligt opbygge en reserve på mindst 50.000 kr., jf. SL § 357 b. Et selskab med en grund- eller stamkapital, hvis størrelse er foranderlig (vekslende), afhængig f.eks. af medlemstal, er ikke et A/S eller et ApS og kan efter den

---

24.  Jf. Højesterets bemærkninger om, at »selskabet gennem hele perioden blev drevet på en måde, som må betegnes som klart uforsvarlig«. Hvis f.eks. en virksomheds bogføring og bogføringsmateriale er bortkommet og der ikke kan gives en troværdig forklaring herpå foreligger der ifølge betænkning nr. 2011/1525 s. 140 ff grov uforsvarlig forretningsførelse.

25.  Jf. betænkning 2011/1525 s. 135 f og nærmere *Ulrik Rammeskow Bang-Pedersen, Lasse Højlund Christensen og Kim Sommer Jensen*: Konkurs s. 638 ff.

130

Bernhard Gomard og Peer Schaumburg-Müller · 9788757497649
Downloaded fra Jurabibliotek.dk05/23/2022 02:14:36PM
via Kammeradvokaten

*2. Begrebet kapitalselskab (aktieselskab og anpartsselskab)*

1. januar 2014 kun stiftes som et andelsselskab eller en forening, jf. LEV § 3.[26]

I et A/S eller ApS kan der ved siden af selskabskapitalen (indskudskapitalen) findes en garantikapital eller en ansvarlig lånekapital. Sådan kapital går i konkurs forud for kapitalejerne, men er i øvrigt undergivet reglerne om lån, ikke regler om selskabskapital (indskudskapital).[27] SL's krav om indbetaling af 25 pct. dog mindst 50.000 kr. af selskabskapitalen (SL § 33) og om, at udbetaling (tilbagebetaling) af sådan kapital kun kan ske ved kapitalnedsættelse eller ved likvidation efter dækning for selskabskapitalen og betaling eller sikring af kreditorerne (SL § 179) gælder ikke om sådan kapital. Garanti- og anden ansvarlig lånekapital kan som anden fremmedkapital tilbagebetales i overensstemmelse med aftalen med långiverne eller med deklaratoriske regler, jf. UfR 1944.763 H. Indløsning af kapitalandele kan kun ske efter de særlige regler i SL § 69.

## 2.2.4. Erhvervsdrivende virksomhed

De tidligere aktie- og anpartsselskabslove indeholdt en bestemmelse om at lovene gjaldt for erhvervsdrivende A/S og ApS. Bestemmelsen er udgået i SL, da den ikke blev tillagt praktisk betydning. Hvilende selskaber og skuffeselskaber har således aldrig været krævet opløst, og også virksomheder med almennyttigt eller godgørende formål kan eksistere som et kapitalselskab. SL gælder for alle kapitalselskaber, jf. SL § 1, stk. 1. Betegnelsen erhvervs-

---

26. LEV kræver registrering og ÅRL kræver aflæggelse af årsregnskab af virksomheder med begrænset ansvar. I motiverne til udkastet af 1884 s. 39 f til den tidligere lov om handelsregistre, firma og prokura af 1889 udtales, at reglen i lovens § 33, litra c, om, at et selskab med vekslende medlemstal eller kapital skulle registreres efter reglerne om selskaber med begrænset ansvar (i lovens § 20), selv om medlemmerne er personligt ansvarlige, skyldes, at indskudskapitalen kan smuldre bort ved afgang af medlemmer. – Beskrivelsen af selskaber med vekslende kapital og medlemstal passer på foreninger, både andelsforeninger og andre foreninger. Om kapitalkravene se i øvrigt *Henrik Dam og Søren Friis Hansen* i *Lennart Lynge Andersen m.fl. (red.):* Festskrift til Bernhard Gomard s. 73 ff, *Jan Schans Christensen:* Selskabsloven med kommentarer s. 110 ff og *Peer Schaumburg-Müller og Erik Werlauff:* Selskabsloven med kommentarer s. 148 ff.
27. Ansvarlig lånekapital vises i balancen som gæld og de nærmere vilkår oplyses i en note, jf. ÅRL § 93, stk. 2.

131

Bernhard Gomard og Peer Schaumburg-Müller · 9788757497649
Downloaded fra Jurabibliotek.dk05/23/2022 02:14:36PM
via Kammeradvokaten